FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

2011 SEP 26 AM 11: 24

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

NU IMAGE, INC. )
)
Plaintiff, )
)
v. ) CA. _____
)
DOES 1 – 3,932 )
) 2:11-cv-545-FtM-29 SPC
Defendants. )

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Defendants, allege:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 US.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 US.C. § 101 *et seq.*; 28 US.C. § 1331 (federal question); and 28 US.C. § 1338(a) (copyright).

3. The manner of the transfer of Plaintiff's motion picture, *"The Mechanic,"* among the P2P network users is called a "BitTorrent protocol" or "torrent," which is different than the standard P2P protocol used for such networks as Kazaa and Limewire. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") on the network connect to the seed file to download. As yet additional peers request the same file each additional user becomes a part of

1

the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

4. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material from many ISPs in numerous jurisdictions around the country.

5. Venue in this District is proper under 28 US.C. § 1391(b) and/or 28 US.C. §1400(a). Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over

the Internet copyrighted works for which the Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one.

## PARTIES

6. Plaintiff Nu Image, Inc. (the "Plaintiff") is a developer, producer, and distributor of motion pictures and television shows. Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of the Plaintiff's copyrighted motion picture. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that the Plaintiff spends millions of dollars to create and/or distribute. Each time a Defendant unlawfully distributes a free copy of the Plaintiff's copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. The Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

7. Plaintiff Nu Image, Inc. is a California Corporation with its principal place of business at 6423 Wilshire Blvd., Los Angeles, CA 90048. Plaintiff is engaged in the production and distribution of motion pictures and television shows for theatrical exhibition, home entertainment, and other forms of distribution. Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in the motion picture that has been unlawfully distributed over the Internet by the Defendants.

8. The true names of Defendants are unknown to the Plaintiff at this time. Each Defendant is known to the Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant

by his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant thus far identified, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

9. The Plaintiff was responsible for the production of the commercially released motion picture titled "*The Mechanic*," starring, *inter alia*, Jason Statham, that has significant value and has been produced and created at considerable expense.

10. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to the copyrighted motion picture "*The Mechanic*" ("Copyrighted Motion Picture," including derivative works). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration # PA0001723746 issued by the Register of Copyrights.

11. The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

12. The Plaintiff is informed and believes that each Defendant, without the permission or consent of the Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. The Plaintiff has identified each Defendant by the IP address

4

assigned to that Defendant by his or her ISP on the date and at the time at which the infringing activity of each Defendant was observed. In doing so, each Defendant has violated the Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq*.). On information and belief, each Defendant participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's Copyrighted Motion Picture in digital form with each other. More specifically, the particular swarm is associated with the unique file hash identified as BTiH: D5S6V6IFJNJ5GKDENHRNK7WUCOAHIOPS. The file hash is an identifier generated by an algorithm developed by the National Security Agency. The file name associated with this particular swarm is The.Mechanic.DVDRip.XviD-ARROW.

13. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

14. As a result of each Defendant's infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to its attorneys' fees and costs pursuant to 17 US.C. § 505.

15. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiff's copyright and ordering that each Defendant destroy all copies of Copyrighted Motion Picture made in violation of the Plaintiff's copyrights.

**WHEREFORE,** the Plaintiff prays for judgment against each Defendant as follows:

1. For entry of permanent injunctions providing that each Defendant shall be enjoined from

directly or indirectly infringing the Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Pictures, or to make the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiff. Each Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

3. For the Plaintiff's costs.

4. For the Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court deems proper.

Respectfully submitted,
NU IMAGE, INC.

DATED: September 22, 2011

By: _____
Jeffrey W. Weaver
Florida Bar No. 178780
DUNLAP, GRUBB & WEAVER, PLLC
780 5th Avenue South, Ste 200
Naples, FL 34102
Telephone: 239-349-2566
Facsimile: 703-777-3656
jweaver@dglegal.com
*Counsel for the Plaintiff*