UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

|  |  |
|---|---|
| NU IMAGE, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1 – 3,932 )<br>)<br>Defendants. )<br>) | Case No. 2:11-cv-545-FtM-29SPC |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO NAME AND SERVE**

**DEFENDANTS [Fed. R. Civ. P. 4(m)]**

I. INTRODUCTION

    To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture over the Internet.  At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

    Plaintiff's Complaint was filed on September 26, 2011 and named Does 1-3,932 as Defendants.  [Doc. No. 1]  Because of delays in verifying data and obtaining affidavits, Plaintiff was not able to file a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference

1

until November 21, 2011. [Doc. No. 9] The Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on November 30, 2011. [Doc. No. 10]

Pursuant to that Order, Plaintiff has served the ISPs with subpoenas to identify the Doe Defendants. Because of the time it takes the ISPs to process the subpoenas, identify customers, and produce the identifying information, the ISPs are not able to comply with the subpoenas by the date of this motion. Further, identifying information for some Doe Defendants has been postponed because of motions pending by certain Doe Defendants. Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has received the identifying information for the Defendants.

## II. ARGUMENT

### A. UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period." Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in

absence of good cause.  See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[1]

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001).  "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'"  Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them.  See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the

---

[1] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'"  Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

3

appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

      B.     PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Based on the Complaint filing on September 26, 2011, Plaintiff's deadline pursuant to Fed. R. Civ. P. 4(m) to name and serve the Defendants in this case is the date of this motion. Plaintiff has good cause why it has not named and served the Doe Defendants in this case. Plaintiff has not received the identifying information for all of the Doe Defendants from all of the ISPs as of the date of this motion.

Plaintiff sent subpoenas to the ISPs the date the Court granted Plaintiff leave to conduct discovery, November 30, 2011.[2] Plaintiff's counsel is informed that the ISPs provide written notice to their subscribers regarding the subpoenas and provides their subscribers time to object to the subpoenas, typically 30 days. [See also Doc. No. 10 at pp. 5-6 (Court Order stating that ISPs that qualify as cable operators must send a copy of the Complaint, Plaintiff's Motion for discovery, and the Court's Order to the Doe Defendants] Accordingly, the ISPs are unable to comply with the subpoena by the date of this motion.

Plaintiff will also be unable to obtain the identifying information for those Doe Defendants who have filed motions with the Court. As of the date of this motion, two Doe Defendant motions are pending. [Doc. Nos. 13, 15] Further, Plaintiff's counsel is informed that the ISPs also withhold identifying information for those Doe Defendants who serve motions on

---

[2] Again, Plaintiff was not able to file its Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference until November 21, 2011 because of delays in verifying data and obtaining affidavits.

4

the ISPs, even if those motions are not currently on file with the Court, until the ISPs can verify that those motions have been denied or rejected.

Additionally, Plaintiff plans on sending correspondence to the Doe Defendants identified by the ISPs before naming and serving them. Accordingly, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has not yet received all of the identifying information for all Doe Defendants. Second, Plaintiff has not yet been able to send correspondence to the Doe Defendants in an attempt to reduce the number of Defendants and lessen the overall litigation of this case. Further, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.

III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information for the Doe Defendants/IP addresses. In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[3] In an abundance of caution, Plaintiff requests at least an additional 120 days in which to name and serve, or voluntarily dismiss without prejudice, the remaining Doe Defendants.

---

[3] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).

        Respectfully submitted,
        NU IMAGE, INC.

DATED:  January 27, 2012

      By:   /s/ Jeffrey Weaver
        Jeffrey W. Weaver
        Florida Bar No. 178780
        DUNLAP, GRUBB & WEAVER, PLLC
        780 5th Avenue South, Ste 200
        Naples, FL 34102
        Telephone: 239-349-2566
        Facsimile: 703-777-3656
        jweaver@dglegal.com
        *Counsel for the Plaintiff*