UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

        Plaintiff,

-vs-                                                  Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3, 932,

        Defendant.
_____

**ORDER**

        This matter comes before the Court on the Plaintiff, Nu-Image, Inc.'s Motion to Extend Time to Name and Serve Defendants (Doc. #19) filed on January 27, 2012. As grounds, the Plaintiff states that the server companies need more time to locate and process the names associated with the ISP addresses. Therefore, the Plaintiff requests that the Court enlarge by 120 days the deadline to serve process on the John Doe Defendants.

        Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Good cause for a failure to serve within the time limit prescribed in Rule 4(m) exists " 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' In re Trasylol Products Liability Litigation-MDL-,1928 2011 WL 5529934 *4 (S.D. Fla. July 21, 2011) (citing Lepone–Dempsey v. Carroll Cnty. Com'rs, 476 F.3d 1277, 1281–82 (11th Cir.2007) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir.1991)); see also Madison v. BP Oil Co., 928 F.Supp. 1132, 1137 (S.D. Ala.1996) (equating "good cause" with "excusable neglect" and citing "sudden illness, natural catastrophe, or evasion of service of process" as circumstances that may constitute good cause).

"Even in the absence of good cause, a district court has the discretion to extend the time for service of process." Lepone–Dempsey, 476 F.3d at 1281; Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132–33 (11th Cir.2005); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir.1996) ("If good cause does not exist the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service.") (emphasis in original). "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service.' " Horenkamp, 402 F.3d at 1132–33. (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

Due to the difficult nature of the ISP providing names to match the ISP addresses the Court finds good cause to grant the extension. However, the Court believes that 120 days is excessive and will only allow another sixty (60) days.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Nu-Image, Inc.'s Motion to Extend Time to Name and Serve Defendants (Doc. #19) is **GRANTED**. The Plaintiff has up to and including **April 3, 2012**, to serve process on the John Does 1-3932.

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd   day of February, 2012.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record