**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

NU IMAGE, INC.,

                Plaintiff,

-vs-                                                           Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3, 932,

                Defendant.

_____

**ORDER**

      This matter comes before the Court on Defendant's Motion to Quash or Modify Subpoena and Motion to Dismiss (Doc. #22) filed on February 8, 2012. The instant action was brought against 3,932 John Does whose personal contact information is unknown except for the IP address. At issue in the Motion is the propriety of the subpoenas that were issued to the John Doe Defendant's internet service providers, which seek their contact information. Given the nature of the suit, the Court is aware that the addresses for the John Doe Defendants are unknown at this time and the John Doe Defendants are seeking to keep this information private.

      The Court notes that in the instant Motion, Defendant John Doe did not include <u>any</u> identifying information such as which John Doe number he or she is nor did he or she include their IP address. Even though exceptions exist for sensitive information, under Federal Rule 11(a), every paper or pleading must be signed and include other identifying information such as the signer's address, email address, and telephone number. One of the reasons for this requirement is so that the Court will know which party is requesting the relief in the motion. In this instance, the Court does not know which Defendant any ruling on the Motion would apply to. Therefore, the Motion is due

to be denied without prejudice as the Motion may be refiled if the identifying information is included.[1]

In the Alternative, the putative Defendant moves the Court to dismiss the case against John Doe. It is important to note the putative John Doe Defendants are not yet parties to this lawsuit because they have not been served with process. Courts have previously been presented with this situation have found that because the Doe Defendants have not yet been served it is not proper for the Court to consider a motion to dismiss them. Recently, a district court noted:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

West Coast Productions, Inc. v. Does 1-5,829, 275 F.R.D. 9, 14 (D.D.C. 2011). The Court agrees with this line of reasoning and concludes the Motion to Dismiss is premature. Therefore the Motion to Dismiss is simply moot and due to be denied as such because it was filed by a non-party to the case.

Finally, the Court is mindful that any rulings from this Court cannot be sent to John Doe's attention because his or her home address is unknown and the basis of his objection to the subpoena is that he or she should not be required to provide it. But by John Doe not providing an address to the Court he or she does so to their own detriment as the Defendant will not have the opportunity

---

[1] The Court makes no ruling at this time on the merits of the Motion to Quash/Dismiss.

to object to the Court's rulings. The Court cannot defend the case on John Doe's behalf though as it is Defendant's responsibility to provide the Court with a mailing address if he or she wishes to stay apprised of filings in this matter. The Court cannot inform litigants about case matters if a party refuses to provide an address.

Accordingly, it is now

**ORDERED:**

The Defendant, John Doe's Motion to Quash or Modify Subpoena is **DENIED** and the Motion to Dismiss (Doc. #22) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of February, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record