UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

                Plaintiff,

-vs-                                       Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3, 932,

                Defendant.
_____

## ORDER

This matter comes before the Court on Defendant's Motion to Quash or Modify Subpoena (Doc. #15) filed on January 12, 2012. John Doe Defendant #544 filed the Motion *pro se*. Plaintiff filed its Opposition to Doe Defendant Motion to Quash or Modify Subpoena (Doc. # 18) on January 26, 2012. The motion is now ripe for review.

On September 26, 2011, Plaintiff Nu Image, Inc., a California corporation with its principal place of business in California, filed the instant copyright infringement action (Doc. # 1) alleging that each John Doe Defendant is liable for direct copyright infringement in violation of 17 U.S.C. § § 106 and 501 and contributory copyright infringement. Plaintiff alleges that the Doe Defendants unlawfully copied and distributed Plaintiff's motion picture, *The Mechanic*, over the Internet. Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. # 9) in order to take early discovery. As grounds for taking early discovery, Plaintiff alleged that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requested that the Court allow it to serve Federal Rule 45 subpoenas on certain

Internet Service Providers ("ISPs") to obtain identifying information for the John Doe Defendants such as their addresses so that Plaintiff may complete service of process on them. Plaintiff asserted that the first step in this case was learning the identity of the subscribers whose IP addresses were used to commit an infringement.

On November 30, 2011, this Court granted Plaintiff's request to take early discovery (Doc. # 11) and allowed Plaintiff to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to that Motion. Apparently these subpoenas were served on the Internet Service Providers, which in turn gave notice to their "customers" - *ie*, the John Doe Defendants - that the ISP had received the subpoena. Certain John Doe Defendant have filed motions to quash the subpoenas and/or motions to dismiss them from the action. John Doe #544 filed the instant motion to quash the subpoena due to improper joinder of parties and for improper venue.

*1. Improper Venue*

Defendant additonally alleges that venue is improper in this District. A civil action founded on a federal question may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. 1391(b). In general, the party challenging venue bears the burden of proof. See Pilkington v. United Airlines, Inc., 855 F. Supp. 1248, 1249 (M.D. Fla. 1994).

Plaintiff's Complaint states that the 3,932 John Doe Defendants "may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District." (Doc. #1, 5). John Doe #544 has not shown the Court that he does not reside within the State of Florida. At this point in the case, Plaintiff's Complaint is sufficient for venue purposes.

*3. Improper Joinder*

Defendant also moves to quash the subpoena based on improper joinder. Under the Federal Rules:

> [a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a). Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the persons who join as plaintiffs or who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and all the parties joined must share in common at least one question of law or fact. A.M. Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000).

In the present case, the Plaintiff alleges that Defendants John Does each used the BitTorrent file-sharing protocol to illegally distribute the Plaintiff's copyrighted work. Plaintiff further asserts that the nature of a BitTorrent protocol is that any "seed peer" that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so

long as that first seed peer is online simultaneously. In this case, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent P2P protocol to illegally infringe Plaintiff's one copyrighted work. Additionally, Plaintiff asserts that the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff. Further, Plaintiff alleges that its movies have been initially seeded several times. Each seeding produces its own independent swarm.

Based on these allegations, the Court finds that Plaintiff's claims against the Defendants are logically related. Each John Doe Defendant is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. While the Defendants may be able to rebut these allegations later, the Plaintiff has sufficiently alleged that its claims against the Defendants potentially stem from the same transaction or occurrence and are logically related.

Fed. R. Civ. P. 20(a)(2)(B) requires the Plaintiff's claims against the Defendants to contain a common question of law or fact. The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each Defendant the same legal claims concerning the validity of the copyrights in the work at issue and the infringement of the exclusive rights reserved to the Plaintiff as the copyright holder. The Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).[1]

---

[1] To the extent that Defendant John doe #544 is moving to dismiss rather than quash, the Court notes that this would not be proper. Courts that have previously been presented with this situation have found that because the Doe defendants have not yet
(continued...)

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Quash or Modify Subpoena (Doc. #15) is **DENEID**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of February, 2012.

                                                      SHERI POLSTER CHAPPELL
                                                      UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1](...continued)
been served it is not proper for the Court to consider a motion to dismiss them. <u>West Coast Productions, Inc. v. Does 1-5829</u>, 275 F.R.D. 9, 14 (D.D.C. 2011).