UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

       Plaintiff,

-vs-                Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3,932,

       Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This matter comes before the Court on Defendant's Motion to Quash or Modify Subpoena (Doc. #21) filed on February 6, 2012. John Doe Defendant #616 filed the Motion *pro se*. Plaintiff filed its Opposition to Doe Defendant Motion to Quash or Modify Subpoena (Doc. # 23) on February 16, 2012. The motion is now ripe for review.

  On September 26, 2011, Plaintiff Nu Image, Inc., a California corporation with its principal place of business in California, filed the instant copyright infringement action (Doc. # 1) alleging that each John Doe Defendant is liable for direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and contributory copyright infringement. Plaintiff alleges that the Doe Defendants unlawfully copied and distributed Plaintiff's motion picture, *The Mechanic*, over the Internet. Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. # 9) in order to take early discovery. As grounds for taking early discovery, Plaintiff alleged that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of

Florida. Plaintiff requested that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the John Doe Defendants such as their addresses so that Plaintiff may complete service of process on them. Plaintiff asserted that the first step in this case was learning the identity of the subscribers whose IP addresses were used to commit an infringement.

On November 30, 2011, this Court granted Plaintiff's request to take early discovery (Doc. # 11) and allowed Plaintiff to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to that Motion. Apparently these subpoenas were served on the Internet Service Providers, which in turn gave notice to their "customers" - *ie*, the John Doe Defendants - that the ISP had received the subpoena. Certain John Doe Defendant have filed motions to quash the subpoenas and/or motions to dismiss them from the action. John Doe #616 filed the instant motion to quash the subpoena due to improper joinder of parties and to dismiss the action for lack of personal and subject matter jurisdiction.

The Court notes at the outset that dismissal at this point is not proper. At this point the John Doe Defendants are not yet parties to this lawsuit because they have not been served with process. Indeed, service may not be made because their true identities are not yet known. Courts that have previously been presented with this situation have found that because the Doe defendants have not yet been served it is not proper for the Court to consider a motion to dismiss them. Recently, a district court noted:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named

> as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If, as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9, 14 (D.D.C. 2011). The Court agrees with this line of reasoning and recommends that a motion to dismiss is due to be denied as premature in this action. But the Court will consider the Defendant's jurisdictional arguments to the extent he is moving to quash on these grounds.

### *1. Personal Jurisdiction*

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Mazer, 556 F.3d at 1274. A prima facie case is established if plaintiff alleges enough facts to withstand a motion for directed verdict. Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000); SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir.1997). In this case, plaintiff has failed to allege sufficient facts in the Complaint to make out a prima facie case against the Defendant, and therefore the burden-shifting analysis which would otherwise follow, Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000), need not be discussed.

The Florida long-arm statute provides for both specific and general jurisdiction. To establish specific jurisdiction under Florida Statutes § 48.193(1)(f), plaintiff must allege that the non-resident

defendant caused injury to persons or property within Florida from a place outside of Florida. The following acts convey personal jurisdiction under the long-arm statute: (1) operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida; (2) committing a tortious act in Florida; (3) owning, using, possessing, or holding a mortgage or other lien on any real property in Florida; (4) contracting to insure any person, property, or risk located within Florida at the time of contracting; (5) causing injury to persons or property within Florida arising out of an act or omission by the defendant outside of Florida, if, at the time of the injury either the defendant was engaged in solicitation or service activities within Florida or products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within Florida; and (6) breaching a contract in Florida by failing to person acts required by the contract to be performed in Florida. Fla Stat. § 48.193(1). "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla Stat. § 48.193(2).

Plaintiff does not assert in its Brief which provisions of the Florida long-arm statute are specifically relevant to personal jurisdiction over these Defendants. Rather, Plaintiff merely argues that dismissal of the action is premature at this stage and discovery is needed in order to establish jurisdiction. With regard to jurisdiction, Plaintiff's Complaint states that the 3,932 John Doe Defendants "may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District." (Doc. #1, 5). Plaintiff further states in the Complaint that "on information and belief personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and

offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights." Id. Given these assertions, the Court assumes that Plaintiff is alleging under the long-arm statute that the Doe Defendants' actions, even if they reside outside the state, caused economic injury to the Plaintiff in Florida. Accordingly, subsection (f) of the statute would be the basis for conferring jurisdiction, which states that "causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: 1. The defendant was engaged in solicitation or service activities within this state; or 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use."

The Court notes though that the "injury" cannot be a mere economic injury. Aetna Life and Cas. Co. v. Therm-O-Disc, Inc., 511 So.2d 992, 994 (Fla.1987); see also Snow v. DirecTV, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006); Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 629 (11th Cir.1996) ("[M]ere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f)."); Sun Bank, N.S. v. E.F. Hutton & Co., Inc., 926 F.2d 1030, 1033 (11th Cir. 1991). Here, economic injury is all that is alleged in the Complaint. The Complaint states that Defendants "may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District" and that "each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights." (Doc. #1, 5). Thus, Plaintiff cannot establish personal jurisdiction under section 48.193(1)(f).

Another provision of the Florida long-arm statute that could apply to this case is subsection

(b) of section 48.193(1) - that the defendant committed a tortious act in Florida. The Eleventh Circuit has recognized copyright infringement is in the nature of a tort. BUC Intern. Corp. v. International Yacht Council Ltd., 517 F.3d 1271, 1278 (11th Cir. 2008). "We have held that § 48.193(b) of the Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state." Licciardello v. Lovelady, 544 F.3d 1280, 1283 (citing Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir.1999)) (adopting broad interpretation of long-arm statute by Florida courts that permits personal jurisdiction over nonresident defendant alleged to have committed a tort causing injury in Florida). In Licciardello, the Eleventh Circuit found that tortious conduct had occurred in Florida because a website that contained the infringing mark was accessible in Florida and therefore personal jurisdiction over the non-resident defendant existed. Id. at 1283. But in that case the holder of the mark resided in Florida. Id.

In this case, the Plaintiff does not reside in Florida nor have a place of business in Florida. In his *pro se* filing, John Doe #616, merely states that does not reside within the Middle District of Florida. (Doc. #21, p. 4). While Defendant states that he does not reside within the Middle District of Florida, he may reside within the State of Florida. Further, Defendant does not attest by affidavit or otherwise that he does not reside within Florida. Therefore, the Court has no evidence to consider at this point that would show that Defendant John Doe #616 does not reside within the State of Florida.

Additionally, the Court must examine whether general jurisdiction has been established pursuant to Florida Statutes § 48.193(2). This section provides personal jurisdiction over a defendant who is engaged in substantial and not isolated activity within Florida whether or not the claim arises

from that activity. "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." Fraser v. Smith, 594 F.3d 842, 846 (11th Cir. 2010), citing Woods v. Nova Cos. Belize, 739 So.2d 617, 620 (Fla. 4th DCA 1999). This requires defendant's contacts with Florida to be "continuous and systematic." Fraser, 594 F.3d at 846; Mazer, 556 F.3d at 1275 n.16. In considering the minimum contacts as required by the due process clause of the United States Constitution, the Eleventh Circuit noted:

> Therefore, in order to determine whether the due process clause permits the exercise of personal jurisdiction over Lovelady, we must assess whether he has purposefully established such constitutionally significant contact with the state of Florida that he could have reasonably anticipated that he might be sued here in connection with those activities. If so, we must consider whether the forum's interest in this dispute and the plaintiff's interest in obtaining relief are outweighed by the burden on the defendant of having to defend himself in a Florida court.

Licciardello, 544 F.3d at 1285. The Middle District of Florida recognized that "a number of courts" have held that "where a defendant's tortuous conduct is intentionally and purposefully directed at a resident of the forum, the minimum contacts requirement is met, and the defendant should anticipate being haled into court in that forum." New Lenox Industries v. Fenton, 510 F. Supp. 2d 893, 904 (M.D. Fla. 2007). In that case, the plaintiff had alleged fraud and misappropriation of trade secrets, and the district court held that jurisdiction was proper inasmuch as "Plaintiff alleges that Defendants committed one or more intentional torts ... against Plaintiff who was injured in Florida." Id. at 904-05. In Licciardello, the Eleventh Circuit evaluated defendant's contact with Florida and found that even though the website was created in Tennessee, defendant could be haled into Florida court, noting that "[t]he Constitution is not offended by the exercise of Florida's long-arm statute to effect personal jurisdiction over Lovelady because his intentional conduct in his state of residence was calculated to cause injury to Carman in Florida. Lovelady cannot now claim surprise at being

-7-

haled into court here." Licciardello, 544 F.3d at 1288 (internal citations omitted).

In this case, the Court does now know whether Defendant John Doe #616 resides in Florida, even though he states that he does not reside within the Middle District of Florida. Therefore, the Court is unaware at this time whether Defendant resides in Florida and committed copyright infringement within the State such that he could have expected to be haled into court here. At this point, there is enough of a connection to the State of Florida to support jurisdiction. Accordingly, the Court recommends that in this case personal jurisdiction is proper.

*2. Improper Joinder*

Defendant also moves to quash the subpoena based on improper joinder. Under the Federal Rules:

> [a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a). Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the persons who join as plaintiffs or who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and all the parties joined must share in common at least one question of law or fact. A.M. Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000).

In the present case, the Plaintiff alleges that Defendants John Does each used the BitTorrent

file-sharing protocol to illegally distribute the Plaintiff's copyrighted work. Plaintiff further asserts that the nature of a BitTorrent protocol is that any "seed peer" that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online simultaneously. In this case, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent P2P protocol to illegally infringe Plaintiff's one copyrighted work. Additionally, Plaintiff asserts that the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff. Further, Plaintiff alleges that its movies have been initially seeded several times. Each seeding produces its own independent swarm.

Based on these allegations, the Court finds that Plaintiff's claims against the Defendants are logically related. Each John Doe Defendant is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. While the Defendants may be able to rebut these allegations later, the Plaintiff has sufficiently alleged that its claims against the Defendants potentially stem from the same transaction or occurrence and are logically related.

Fed. R. Civ. P. 20(a)(2)(B) requires the Plaintiff's claims against the Defendants to contain a common question of law or fact. The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each Defendant the same legal claims concerning the validity of the copyrights in the work at issue and the infringement of the exclusive rights reserved to the Plaintiff as the copyright holder. The Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B). The Court

recommends that Defendant's improper joinder argument should fail.

### 3. First Amendment

Finally, Defendant John Doe #616 makes an argument under the First Amendment that he has a privacy interest in avoiding such disclosure. The Court notes that, though not directly stated by the Defendant, there are two relevant First Amendment questions raised here: First, are the Defendant's BitTorrent activities covered by the First Amendment right to engage in anonymous speech? Second, if the First Amendment protects BitTorrent activity, does the Plaintiff's need for the Defendant's identifying information override that protection?

At the outset, the Court notes that copyright infringement is not protected by the First Amendment. See Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 555-57, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985) (discussing copyright, the fair use doctrine, and the First Amendment). While copyright infringement is not afforded First Amendment protection, filesharing does involve some aspects of expressive communication, which is protected. While filesharers engage in expressive activity when they interact with other users on BitTorrent, "the ultimate aim of such users is not to communicate a thought or idea, but to obtain movies and music for free." Call of the Wild Movie, LLC v. Does 1-1,062, et al., 770 F. Supp. 2d 332, 349 (D.D.C. 2011) (internal citations omitted). The First Amendment interest, then, though implicated, is minimal.

Thus, the Court must assess whether the Plaintiff's subpoena should override the Defendant's First Amendment rights. See id. (holding that an internet file-sharer's First Amendment right to anonymity is exceedingly small and the owner's need for information subpoenaed outweighed defendants' minimal First Amendment rights to anonymous speech). As discussed above, Plaintiff has adequately demonstrated a prima facie claim of copyright infringement against the Defendant.

Further, Plaintiff's request for identifying information is narrowly tailored and specific, designed merely to allow Plaintiff to obtain the information needed to prosecute its lawsuit. Indeed, until such information is conveyed, the Plaintiff has no way of serving Defendant with the Complaint and Summons, an issue the Defendant himself raises. Upon balancing the Defendant's First Amendment rights to anonymity and the Plaintiff's need for the identifying information, the Court finds that the Plaintiff's need overrides the Defendant's right to use BitTorrent anonymously. The Defendant's asserted First Amendment right to anonymity in this context does not shield him/her from allegations of copyright infringement. The Plaintiff therefore may obtain from Verizon information identifying the Defendant.

Accordingly, it is now

**RECOMMENDED:**

Defendant's Motion to Quash or Modify Subpoena (Doc. #21) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___28th___ day of February, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record