UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

|  |  |  |
|---|---|---|
| NU IMAGE, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:11-cv-00545-JES-SPC |
| DOES 1 – 3,932 | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

**[DOC. NO. 31-1]**

I. INTRODUCTION

Plaintiff respectfully objects to the Report and Recommendation (Doc. No. 31-1), granting in part Defendant John Doe's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. No. 13). The Report and Recommendation recommends that the Court quash a subpoena based upon the unknown, Doe Defendant's claim that the Court lacks personal jurisdiction over the Doe Defendant.

However, neither the Doe Defendant nor the Report and Recommendation cite any authority or provide any analysis of how the Court's personal jurisdiction over the Doe Defendant is relevant on a motion to quash a subpoena at this stage in the proceedings. As shown herein, the Court should not engage in such an analysis as the subpoena was not issued to the Doe Defendant, and the Doe Defendant is not a named party. Therefore, any personal

1

jurisdiction analysis is premature, as the Doe Defendant only has standing to object to the subpoena based on privilege or privacy.

II. PROCEDURAL HISTORY

Plaintiff has identified certain Doe Defendants who have unlawfully copied and distributed Plaintiff's motion picture over the Internet.  At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time they used that IP address in connection with the alleged copyright infringement.  The only way that Plaintiff can determine the Doe Defendants' actual names is from the Internet Service Providers ("ISPs") to which the Doe Defendants subscribe and from which the Doe Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on September 26, 2011 and named Does 1-3,932 as Defendants.  [Doc. No. 1]  Plaintiff filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on November 21, 2011.  [Doc. No. 9]  The Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on November 30, 2011.  [Doc. No. 10]  Pursuant to that Order, Plaintiff has served the ISPs with subpoenas to identify the Doe Defendants.

In response to the subpoenas, the ISPs notified the subscribers whose information was being sought in the subpoena, informing them of the subpoena, the infringing IP address that is associated with the alleged infringing conduct, as well as the date and time of alleged infringement.  Numerous Doe Defendants have filed purported motions to quash the subpoenas, dismiss particular Doe Defendants, or sever the case for misjoinder.  One Doe Defendant, not

2

identified by name, IP address, or Doe Number from the Complaint, filed a motion to quash or, in the alternative, motion to dismiss and/or sever. [Doc. No. 13][1]

The Doe Defendant's motion argues that the subpoena should be quashed because the Court lacks personal jurisdiction over the Doe Defendant and that the Doe Defendant should be severed and dismissed because joinder is not proper. On February 24, 2012, Magistrate Judge Chappell issued a Report and Recommendation granting in part and denying in part the motion. [Doc. No. 31-1]  Plaintiff files this objection to the extent the Report and Recommendation recommends granting in part the motion.

III. ARGUMENT

    A.  <u>Standard of review on reports and recommendations.</u>

Where a party timely objects to a Magistrate Judge's recommendation regarding a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. Rule 72(b)(3).

When a party timely objects to a Magistrate Judge's recommendation regarding a nondispositive motion, the "district judge in the case must consider timely objections and modify

---

[1] The Doe Defendant states that no IP address or Doe Number from the Complaint was listed "to maintain anonymity and not frustrate the purpose of filing this Motion to Quash." [Doc. No. 13 at p. 2 fn. 1]  However, the Doe Defendant does not state how providing the IP address in its filing would frustrate the purpose of the motion.  At this stage of the case, Plaintiff has only the IP address and no more information about the Doe Defendant, as the Doe Defendants are able to commit the alleged copyright infringement behind the cloak of anonymous torrent use.  The very point of the subpoena is to identify the account holder of the IP address.  Therefore, the Court must deny the Doe Defendant's motion in its entirety, as the Court, the ISP, and the Plaintiff cannot even determine which IP address/Doe Defendant is involved and therefore which portion of the subpoena is to be quashed.

or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. Rule 72(a).[2]

> B. The Doe Defendant has no standing to challenge the subpoena except for claims of privilege or privacy, which the Doe Defendant has not done.

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

"A party ordinarily does not have standing to quash a subpoena served on a third party unless a personal right or privilege as to the documents being sought is asserted." Nathai v. Florida Detroit Diesel-Allison, Inc., 2009 WL 2424570, *1 (M.D. Fla. Aug. 5, 2009) (citations

---

[2] While generally a motion to quash a subpoena would not qualify as a dispositive motion, in this instance the ruling recommended in the Report and Recommendation is dispositive. If the Court grants the motion to quash, Plaintiff will be unable to pursue this Doe Defendant in this case. As stated in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference on November 21, 2011 (Doc. No. 9), Plaintiff's claims cannot proceed without the limited discovery Plaintiff seeks because the ISPs are the only entities that can identify the otherwise anonymous Defendants and because there is a risk an ISP will destroy its logs. See In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc., 400 F.Supp.2d 386, 388 (D. Mass. 2005) ("Many courts have treated similar motions to enforce or quash administrative subpoenas, or the like, as dispositive motions for purposes of review where the matter involving the subpoena constitutes the entire case before the Court."); but see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116-117 (2d Cir. 2010) (holding that doe defendant's motion to quash was not dispositive, as court could have quashed subpoena on grounds that would not have ended case).

omitted); see Angiolillo v. Collier County, 2009 WL 3762857, *1 (M.D. Fla. June 18, 2009) (Chappell, M.J.) ("It is the person to whom a subpoena is directed who has standing to seek a motion to quash.") (citations omitted); see also Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005) ("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, propriety interest, or personal interest in the subpoenaed matter.").

However, that standing to object should limited to only challenging the subpoena on the grounds that it requires disclosure of privileged or private information and not any other grounds. See Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997) ("Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum."); see also Johnson v. Gmeinder, 191 F.R.D. 638, 639 n. 2 (D. Kan. 2000); Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001); Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389, 394 (D.D.C. 2007) (stating that "[t]o make a legitimate claim of privilege the Defendants would have had to show some reason to believe that the subpoena threatened the disclosure of information that was protected by a privilege that *these* Defendants could claim") (emphasis added); NetJets Aviation, Inc. v. Peter Sleiman Development Group, LLC, 2011 WL 6752488, *1 (M.D. Fla. Dec. 22, 2011) ("While the Eleventh Circuit allows parties standing to challenge subpoenas issued to non-parties, it is only if the party alleges a 'personal right or privilege' with respect to the subpoenas.'") (citations omitted).

As stated in a similar, recent case:

> Here, the Court has already addressed the movants' claims that they have a privacy interest in their identifying information that should be protected from disclosure by their ISPs. Other objections raised by movants, such as those based on alleged defects in the form of the subpoenas or improper service, may only be raised by the ISPs themselves in an appropriate motion to quash or for protective order.

5

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9, 16 (D.D.C. 2011).

In Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426 (M.D. Fla. 2005), the Court held that the defendants lacked standing to quash a subpoena to a non-party because the defendants failed to make any factual showing that the records were confidential or proprietary:

> The financial records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore, Defendants fail to establish a "personal right" regarding the records. *See Clayton Brokerage Co., Inc. v. Clement*, 87 F.R.D. 569, 571 (D.Md.1980) (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked standing to challenge the subpoena issued to the bank). Therefore, Defendants do not have standing under Rule 45 to quash the subpoenas regarding financial records.

Id. at 429.

Here, the subpoena at issue was not directed to the Doe Defendant. It was directed to the ISP for the ISP's business records. The Doe Defendant has not challenged the subpoena on claims of privilege or privacy and has not made any factual showing that the records are confidential or proprietary.[3]  Therefore, the Doe Defendant has failed to establish a "personal right" regarding the records and does not have standing to quash the subpoena.[4]

---

[3] The burden of proof in demonstrating that compliance with the subpoena requires the disclosure of privileged or protected information lies with the moving party, i.e. the Doe Defendant. Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).

[4] Had the Doe Defendant challenged the subpoena on grounds that the records are confidential or private, such an argument has been directly refuted in similar cases. See, e.g., Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator").

Overall, Fed. R. Civ. P. Rules 26 and 45 provide limited bases upon which a motion to quash may be based. None of those bases refer to personal jurisdiction, though some of those bases impose geographical restrictions akin to a personal jurisdiction analysis. For example:

> *When Required.* On timely motion, the issuing court must quash or modify a subpoena that: … (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Rule 45(c)(3)(A)(ii) (emphasis in original).

> *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: … (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Rule 45(c)(3)(B)(iii) (emphasis in original).

However, in this case, these objections to the subpoenas may only be raised by the ISPs in an appropriate motion to quash or for protective order, not by the Doe Defendants. <u>West Coast Productions, Inc. v. Does 1-5829</u>, 275 F.R.D. at 16. Here, none of the bases for quashing subpoenas listed in Rule 26 or 45 are present in the Doe Defendant's motion. Even if they were, the Doe Defendant does not have standing to object to the subpoena on those grounds, and the Court has no grounds upon which to quash the subpoena for this Doe Defendant. Therefore, the Report and Recommendation is clearly erroneous and contrary to established law.

    C.  <u>The Court should only analyze personal jurisdiction on a motion pursuant to Fed. R. Civ. P. Rule 12.</u>

A plaintiff is not required to plead the basis for personal jurisdiction over any defendant in the complaint, as lack of personal jurisdiction is a threshold defense that is waived unless a

7

defendant raises it in an answer or pre-answer motion filed after a party has been named and served. Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474 (D. Del. 1995); Fed. R. Civ. P. Rule 12(b), (h)(1). Only a party may raise these claims as affirmative defenses in responsive pleadings. See Fed. R. Civ. P. Rule 12(b).

The plain language of the Federal Rules of Civil Procedure contemplates that a defendant can only respond to a complaint when that defendant has been named as a party and after a summons has been issued and served on a defendant (or service is waived by the defendant). For example, Rule 4 states that a summons must "*name* the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. Rule 4(a)(1)(A) and (B) (emphasis added).

Only then can the provisions of the Federal Rules of Civil Procedure, such as when a defendant must file a responsive pleading or motion, take effect. Therein, one of the things the summons must do is advise the defendant of the obligation to "appear and defend" and state the time the defendant has for doing so, whether after being served with the summons or by waiving service. See Fed. R. Civ. P. Rule 4(a)(1)(D). The timeframe in which a defendant has to "appear and defend" therefore does not start until, at the earliest, a summons specifically names the defendant and is directed to that defendant.[5] "Therefore, before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists." Anger v. Revco, 791 F.2d 956, 985 (D.C. Cir. 1986) (per curiam).

Here, a responsive pleading is not yet required of any Doe Defendant because no deadline to appear and defend has even started. In short, no Doe Defendant has been haled into

---

[5] While the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is identified and specified by name in the case. For example, Fed. R. Civ. P. Rule 17 states that an "action must be prosecuted in the name of the real party in interest," and Fed. R. Civ. P. Rule 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known (See Fed. R. Civ. P. Rule 5(b)(2)).

8


this Court to defend against Plaintiff's claims. Once named and served, and only then, Rule 12(b)(2) of the Federal Rules of Civil Procedure would permit any named defendant to move to dismiss for lack of personal jurisdiction.

To the best of Plaintiff's knowledge, all of the authority cited by the Report and Recommendation and in the Doe Defendant's motion regarding personal jurisdiction have to deal with parties to a case that object to personal jurisdiction via a motion to dismiss under Fed. R. Civ. P. Rule 12. In reality, the Report and Recommendation is tantamount to a *sua sponte* dismissal for lack of personal jurisdiction because, as a direct consequence thereof, the Plaintiff's claims will forever be foreclosed because Plaintiff has no other reasonable means to identify the Doe Defendants, especially in light of the short time ISPs retain data relevant to the infringements. See Digital Sin, Inc. v. Does 1-176, 2012 WL 263491, *2 (S.D.N.Y. Jan. 30, 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers. Thus, without granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed. Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs."); see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 352-53 (D.D.C. 2011) (recognizing Plaintiff's critical need for identifying information from the ISPs and that Plaintiff has no other means of obtaining such information).

The Report and Recommendation correctly recognizes that a motion to dismiss by the Doe Defendant is premature in this action. Therein, the Report and Recommendation correctly found "that at this point the John Doe Defendants are not yet parties to this lawsuit because they have not been served with process." [Doc. No. 31-1 at p. 11] Therefore, "because the Doe

defendants have not yet been served it is not proper for the Court to consider a motion to dismiss them." Id.[6]

As the Court should only engage in personal jurisdiction analysis pursuant to a motion to dismiss under Fed. R. Civ. P. Rule 12, and as consideration of motions to dismiss are currently not proper because the Doe Defendants are not parties, it must follow that personal jurisdiction analysis is not proper at this stage of the proceedings. Whether the Doe Defendant titles the motion as one to quash or dismiss should not matter, the purpose and effect are the same – the Doe Defendant is removed from the case, and Plaintiff's ability to prosecute its case and obtain identifying information is thwarted.

> D. <u>Prior similar cases have ruled that the Court should not quash a subpoena based on personal jurisdiction.</u>

Neither the Doe Defendant's motion nor the Report and Recommendation cite to any case that quashed a subpoena based on the claim the court lacked personal jurisdiction over an individual whose information would be divulged pursuant to that subpoena. On the other hand, a number of rulings in nearly identical cases have squarely rejected this argument. The Report and

---

[6] Strangely, the Report and Recommendation states that it "agrees with th[e] line of reasoning" from Judge Kollar-Kotelly's decision in <u>West Coast Productions, Inc. v. Does 1-5829</u>, 275 F.R.D. at 14 but apparently only in regards to the motion to dismiss aspect of Doe Defendant's motion. However, the Report and Recommendation failed to acknowledge that Judge Kollar-Kotelly's "line of reasoning" applied to similar doe defendants' motions to dismiss *and* motions to quash subpoenas based on lack of personal jurisdiction: "Many of the movants seek to quash the subpoenas seeking their contact information or, alternatively, dismissal of claims asserted against them in the Complaint, on the ground that they have no contacts with the forum jurisdiction and therefore this Court lacks personal jurisdiction over them. … However, these arguments are based on a misunderstanding of the nature of personal jurisdiction and the manner in which courts exercise it. … Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties. Therefore, it is premature to evaluate their jurisdictional defenses." <u>Id.</u> at 14-15.

Recommendation's failure to accord its analysis with, or even acknowledge these cases, demonstrates that it is clearly erroneous and contrary to law.

In a similar case, Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004), that court rejected the exact same argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature. Id.[7] The court stated that it had discretion to allow discovery to determine the basis for personal jurisdiction and that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants." Id. at 567. The court stated that such an analysis would require more of "an evaluation of the contacts between the various defendants and the forum state" and concluded by "holding at this stage that personal jurisdiction is lacking would be premature." Id.;

Judges Howell and Kollar-Kotelly in the U.S. District Court for the District of Columbia have recently made similar rulings in cases nearly identical to this one. Judge Howell concluded:

> To be clear, at this stage in the proceedings, the plaintiff is engaged in discovery to identify the proper defendants to be named in this lawsuit, including whether the exercise of jurisdiction over each potential defendant is proper. If and when the putative defendants are ultimately named in this lawsuit, the defendants will have the opportunity to file appropriate motions challenging the Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider dismissal.

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 345 (D.D.C. 2011); see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 345-347 ("Given that the defendants have

---

[7] Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 567, fn. 8.

11

yet to be identified, the Court believes that evaluating the defendants' jurisdictional defenses at this procedural juncture is premature.").[8]

Judge Kollar-Kotelly concluded:

> Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties. Therefore, it is premature to evaluate their jurisdictional defenses. Furthermore, even assuming that the movants will ultimately be named as defendants, they will have the opportunity to assert their jurisdictional defenses once they are served with process, either in their answers or in pre-answer motions to dismiss. Until that time, the Court finds their arguments to be premature.

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. at 14-15; see also Virgin Records Am., Inc. v. Does 1–35, No. 05–1918, 2006 WL 1028956 at *3 (D.D.C. Apr. 18, 2006) (Kollar-Kotelly, J.); Virgin Records Am., Inc. v. John Does 1-35, 2006 U.S. Dist. LEXIS 20651 Civ. No. 05-1918 (D.D.C., Jan. 11, 2006) (Kollar-Kotelly, J.); UMG Recordings v. Does 1–199, No. 04–0093 at *2 (D.D.C. Mar. 10, 2004) (Kollar-Kotelly, J.).[9]

---

[8] Judge Howell issued one Memorandum Opinion for three separate cases: Call of the Wild Movie, LLC v. Does 1-1,062, Case No. 10-455; Maverick Entertainment Group, Inc. v. Does 1-4,350, Case No. 10-569; Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520.

[9] If the Court is at all inclined to consider the personal jurisdiction analysis set forth in the Report and Recommendation, Plaintiff respectfully requests the opportunity to submit additional briefing, but at this time directs the Court to Judge Kollar-Kotelly's expansive analysis showing that the Report and Recommendation's analysis is fundamentally flawed. See Virgin Records Am., Inc. v. Does 1–35, No. 05–1918, 2006 WL 1028956 at *4 (D.D.C. Apr. 18, 2006) ("First, it is undisputed that Defendant Doe # 18 contracted with a District of Columbia-based ISP, i.e. Verizon, and used Verizon's facilities allegedly to commit copyright infringement. As such, it is arguable that this Court has jurisdiction over Defendant Doe # 18 under the District of Columbia's long-arm statute…Second, and more importantly, regardless of his/her place of residence, Defendant Doe # 18 has clearly directed tortious activity into the District of Columbia. … 'the download of music files by [defendant] constitutes transacting business in the District'… Third, by installing P2P software and logging onto a P2P network, each defendant transformed his or her computer into an interactive Internet site, allowing others to complete transactions by downloading copyrighted works over the Internet. … Engaging in such 'interactive' electronic transactions provides the sort of 'continuous' and 'systematic' contacts with the District of

Magistrate Judge Treece found in a previous, similar case:

> Obviously, at this juncture, Plaintiffs cannot demonstrate that the Doe Defendant reside or can be found anywhere because their identities and addresses remain unknown. Without the identifying information, an assessment of personal jurisdiction would be idle speculation. All of this begs the question of whether ruling on personal jurisdiction would be premature at this stage of the litigation? And the answer would be in the affirmative because at this occasion, we are only concerned with expedited discovery to determine whether the Doe Defendants' identities will be revealed by a subpoena and whether that subpoena will be quashed on any legal grounds. The Court finds the Doe Defendants' contention unpersuasive. A personal jurisdiction dispute, at this time, should not serve as a bar to Plaintiffs' effort to discover the Doe Defendants' identities. Furthermore, Plaintiffs would be able to amend their Complaint to properly plead personal jurisdiction, without intervention of the Court, once identities have been exposed. See Fed. R. Civ. P. 15(a)(1)(A) & supra note 9. To be clear, our ruling does not preclude raising jurisdictional matters at a more appropriate time.

Arista Records LLC v. Does 1-16, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009).

Here, the Doe Defendant's arguments related to personal jurisdiction are premature. Quashing the subpoena, or even attempting the analysis, based on personal jurisdiction would be premature. Plaintiff has not yet received any of the identifying information sought from the ISPs for this Doe Defendant or all of the Doe Defendants. Until Plaintiff receives the information and names and serves a particular Defendant, the Court should not analyze personal jurisdiction over the Doe Defendants. Liberty Media Holdings, LLC v. Does 1-62, 2012 WL 628309, *3 (S.D. Cal. Feb. 24, 2012) ("Neither the Court nor Plaintiff can adequately determine if personal jurisdiction exists until Doe Defendants identify themselves or are identified by their ISPs.").

The fact that the Doe Defendant submitted a declaration contesting jurisdiction does not change the analysis. The only information the Court has is the Doe Defendant's self-serving declaration. Plaintiff has no way of challenging the assertions in that declaration or conceivably

---

Columbia that the *Gorman* court and others have recognized as sufficient to support this Court's jurisdiction over Defendant Doe # 18.") (citations omitted).

13

conducting any discovery about this Doe Defendant, and whether the Court has personal jurisdiction of this Doe Defendant, if the subpoena is quashed. See London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claiming she was not a resident of the forum state was an insufficient basis to disallow discovery).[10]

IV. CONCLUSION

    For all of the foregoing reasons, Plaintiff respectfully requests that the Court not grant in part the Doe Defendant's motion. The Court should not analyze the Doe Defendant's claim of lack of personal jurisdiction in the context of a motion to quash subpoena, especially as the subpoena was not issued to the Doe Defendant and the Doe Defendant is not yet a party to the case. Rules 26 and 45 provide limited bases upon which a motion to quash may be based, none of which are present in the Doe Defendant's motion.

    Therefore, the Report and Recommendation is clearly erroneous and contrary to law in this regard. Further, the Report and Recommendation sets a harmful precedent whereby Doe Defendants will potentially file similar motions to quash and declarations without doing any independent research or evaluation, to which Plaintiff will have no way to verify those statements or otherwise respond. In fact, that has already occurred. Compare Doc. No. 13 with 40 (a nearly verbatim reproduction).

---

[10] Contrary to the Report and Recommendation's implication, the Doe Defendant's declaration is filled with legal conclusions that merely parrot the Florida long-arm statute, not facts. Again, if the Court is at all inclined to consider the personal jurisdiction analysis set forth in the Report and Recommendation, Plaintiff respectfully requests the opportunity to submit additional briefing to show how the Report and Recommendation's analysis is fundamentally flawed.

Plaintiff does not otherwise object to the Report and Recommendation and requests that the Court deny the Doe Defendant's motion in its entirety.

                          Respectfully submitted,
                          NU IMAGE, INC.

DATED:  March 9, 2012

                        By:       /s/ Jeffrey Weaver
                              Jeffrey W. Weaver
                              Florida Bar No. 178780
                              DUNLAP, GRUBB & WEAVER, PLLC
                              780 5th Avenue South, Ste 200
                              Naples, FL 34102
                              Telephone: 239-349-2566
                              Facsimile: 703-777-3656
                              jweaver@dglegal.com
                              *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 9, 2012, a true and correct copy of the foregoing PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [DOC. NO. 31-1] was filed using the Court's ECF, which will electronically deliver the document to the following:

Simeon D. Brier
sbrier@edwardswildman.com
*Attorney for Doe Defendant [Doc. No. 13]*

                                                                    /s/ Nick Kurtz
                                                                    Nicholas A. Kurtz