UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

                Plaintiff,

-vs-                                                  Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3, 932,

                Defendant.
_____

## ORDER

This matter comes before the Court on Defendant John Doe's Motion to Quash or, in the alternative, Motion to Dismiss and/or Sever (Doc. #53) filed on March 21, 2012. The instant action was brought against 3,932 John Does whose personal contact information is unknown except for the IP address. At issue in the Motion is the propriety of the subpoenas that were issued to the John Doe Defendant's internet service providers, which seek their contact information. Given the nature of the suit, the Court is aware that the addresses for the John Doe Defendants are unknown at this time and the John Doe Defendants are seeking to keep this information private.

The Court notes that in the instant Motion, Defendant John Doe did not include any identifying information such as which John Doe number he is, nor did he include his IP address. Even though exceptions exist for sensitive information, under the Federal Rules of Civil Procedure, every paper or pleading must be signed and include other identifying information such as the signer's address, email address, and telephone number. Fed. R. Civ. P. 11(a). One of the reasons for this requirement is so that the Court will know which party is requesting the relief

in the motion. In this instance, the Court does not know which Defendant any ruling on the Motion would apply to. Therefore, the Motion is due to be denied without prejudice as the Motion may be re-filed if the identifying information is included.[1]

The Court is mindful that any rulings from this Court cannot be sent to John Doe's attention because his or her home address is unknown and the basis of his objection to the subpoena is that he or she should not be required to provide it. But by John Doe not providing an address to the Court, he or she does so to their own detriment as the Defendant will not have the opportunity to object to the Court's rulings. The Court cannot defend the case on John Doe's behalf, though, as it is Defendant's responsibility to provide the Court with a mailing address if he or she wishes to stay apprised of filings in this matter. The Court cannot inform litigants about case matters if a party refuses to provide an address.

Accordingly, it is now

**ORDERED:**

The Defendant, John Doe's Motion to Quash (Doc. #53) is **DENIED without prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of March, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] The Court makes no ruling at this time on the merits of the Motion to Quash.