UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

                Plaintiff,

-vs-                                          Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3, 932,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on John Doe #658's Motion to Dismiss and, in the Alternative, to Quash the Subpoena and Issue a Protective Order (Doc. #37) filed on March 2, 2012. Plaintiff filed its Opposition to Doe Defendant Motions to Quash Subpoenas and/or Dismiss (Doc. #46) on March 16, 2012. This Motion is thus ripe for review.

On September 26, 2011, Plaintiff Nu Image, Inc., a California corporation with its principal place of business in California, filed the instant copyright infringement action (Doc. # 1) alleging that each John Doe Defendant is liable for direct copyright infringement in violation of 17 U.S.C. § § 106 and 501 and contributory copyright infringement. Plaintiff alleges that the Doe Defendants unlawfully copied and distributed Plaintiff's motion picture, The Mechanic, over the Internet. Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. # 9) in order to take early discovery. As grounds for taking early discovery, Plaintiff alleged that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requested that the Court allow it

to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the John Doe Defendants such as their addresses so that Plaintiff may complete service of process on them. Plaintiff asserted that the first step in this case was learning the identity of the subscribers whose IP addresses were used to commit an infringement.

On November 30, 2011, this Court granted Plaintiff's request to take early discovery (Doc. # 11) and allowed Plaintiff to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to that Motion. Apparently these subpoenas were served on the Internet Service Providers, which in turn gave notice to their "customers"—i.e., the John Doe Defendants—that the ISP had received the subpoena. Certain John Doe Defendants have filed motions to quash the subpoenas and/or motions to dismiss them from the action. John Doe #658 filed the instant motion to dismiss the action for improper joinder, lack of personal jurisdiction, and improper venue, and/or quash the subpoena on grounds that it is improper and/or issue a protective order.

The Court notes at the outset that dismissal at this point is not proper. At this point the John Doe Defendants are not yet parties to this lawsuit because they have not been served with process. Indeed, service may not be made because their true identities are not yet known. Courts that have previously been presented with this situation have found that because the Doe defendants have not yet been served it is not proper for the Court to consider a motion to dismiss them. Recently, a district court noted:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as

> defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

West Coast Productions, Inc. v. Does 1–5,829, 275 F.R.D. 9, 14 (D.D.C. 2011). The Court agrees with this line of reasoning and recommends that a motion to dismiss be denied as premature in this action. But the Court will construe John Doe #658's arguments in favor of dismissal as also applying to their Motion to Quash.

*1. Personal Jurisdiction*

John Doe #658 argues that because this Court lacks personal jurisdiction over him, the subpoena for the record of John Doe #658 should be quashed. "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Mazer, 556 F.3d at 1274. A prima facie case is established if plaintiff alleges enough facts to withstand a motion for directed verdict. Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000); SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir.1997). In this case, Plaintiff has failed to allege sufficient facts in the Complaint to make out a prima facie case against the Defendant, and therefore the burden-shifting analysis which would otherwise follow,

Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000), need not be discussed.

The Florida long-arm statute provides for both specific and general jurisdiction. To establish specific jurisdiction under Florida Statutes § 48.193(1)(f), plaintiff must allege that the non-resident defendant caused injury to persons or property within Florida from a place outside of Florida. The following acts convey personal jurisdiction under the long-arm statute: (1) operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida; (2) committing a tortious act in Florida; (3) owning, using, possessing, or holding a mortgage or other lien on any real property in Florida; (4) contracting to insure any person, property, or risk located within Florida at the time of contracting; (5) causing injury to persons or property within Florida arising out of an act or omission by the defendant outside of Florida, if, at the time of the injury either the defendant was engaged in solicitation or service activities within Florida or products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within Florida; and (6) breaching a contract in Florida by failing to person acts required by the contract to be performed in Florida. Fla. Stat. § 48.193(1). "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).

Plaintiff does not assert in its Brief which provisions of the Florida long-arm statute are specifically relevant to personal jurisdiction over these Defendants. Rather, Plaintiff merely argues that dismissal of the action is premature at this stage and discovery is needed in order to

establish jurisdiction. With regard to jurisdiction, Plaintiff's Complaint states that the 3,932 John Doe Defendants "may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District." (Doc. #1, ¶ 5). Plaintiff further stated in the Complaint that "on information and belief personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights." Id. Given these assertions, the Court assumes that Plaintiff is alleging under the long-arm statute that the Doe Defendants' actions, even if they reside outside the state, caused economic injury to the Plaintiff in Florida. Accordingly, subsection (f) of the statute would be the basis for conferring jurisdiction, which states that "causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: (1) The defendant was engaged in solicitation or service activities within this state; or (2) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use."

The Court notes that the "injury" cannot be a mere economic injury. Aetna Life & Cas. Co. v. Therm-O-Disc, Inc., 511 So.2d 992, 994 (Fla. 1987); see also Snow v. DirecTV, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006); Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 629 (11th Cir. 1996) ("[M]ere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f)."); Sun Bank, N.S. v. E.F. Hutton & Co., Inc., 926 F.2d 1030, 1033 (11th Cir. 1991). Here, economic injury is all that is alleged in the Complaint. The Complaint states that Defendants

"may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District" and that "each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights." (Doc. #1, ¶ 5). Thus, Plaintiff cannot establish personal jurisdiction under section 48.193(1)(f).

Another provision of the Florida long-arm statute that could apply to this case is subsection (b) of section 48.193(1)—that the defendant committed a tortious act in Florida. The Eleventh Circuit has recognized copyright infringement is in the nature of a tort. BUC Intern. Corp. v. International Yacht Council Ltd., 517 F.3d 1271, 1278 (11th Cir. 2008). "We have held that § 48.193(b) of the Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state." Licciardello v. Lovelady, 544 F.3d 1280, 1283 (citing Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir. 1999)) (adopting broad interpretation of long-arm statute by Florida courts that permits personal jurisdiction over nonresident defendant alleged to have committed a tort causing injury in Florida). In Licciardello, the Eleventh Circuit found that tortious conduct had occurred in Florida because a website that contained the infringing mark was accessible in Florida and therefore personal jurisdiction over the non-resident defendant existed. Id. at 1283. But in that case, the holder of the mark resided in Florida. Id.

The question arises, then, of whether general jurisdiction has been established pursuant to Florida Statutes § 48.193(2). This section provides personal jurisdiction over a defendant who is engaged in substantial and not isolated activity within Florida whether or not the claim arises from that activity. "The reach of this provision extends to the limits on personal jurisdiction

imposed by the Due Process Clause of the Fourteenth Amendment." Fraser v. Smith, 594 F.3d 842, 846 (11th Cir. 2010) (citing Woods v. Nova Cos. Belize, 739 So.2d 617, 620 (Fla. 4th DCA 1999)). This requires defendant's contacts with Florida to be "continuous and systematic." Fraser, 594 F.3d at 846; Mazer, 556 F.3d at 1275 n.16. In considering the minimum contacts as required by the due process clause of the United States Constitution, the Eleventh Circuit noted:

> Therefore, in order to determine whether the due process clause permits the exercise of personal jurisdiction over Lovelady, we must assess whether he has purposefully established such constitutionally significant contact with the state of Florida that he could have reasonably anticipated that he might be sued here in connection with those activities. If so, we must consider whether the forum's interest in this dispute and the plaintiff's interest in obtaining relief are outweighed by the burden on the defendant of having to defend himself in a Florida court.

Licciardello, 544 F.3d at 1285. The Middle District of Florida recognized that "a number of courts" have held that "where a defendant's tortuous conduct is intentionally and purposefully directed at a resident of the forum, the minimum contacts requirement is met, and the defendant should anticipate being haled into court in that forum." New Lenox Industries v. Fenton, 510 F.Supp. 2d 893, 904 (M.D. Fla. 2007). In that case, the plaintiff had alleged fraud and misappropriation of trade secrets, and the district court held that jurisdiction was proper inasmuch as "Plaintiff alleges that Defendants committed one or more intentional torts ... against Plaintiff who was injured in Florida." Id. at 904-05. In Licciardello, the Eleventh Circuit evaluated defendant's contact with Florida and found that even though the website was created in Tennessee, defendant could be haled into Florida court, noting that "[t]he Constitution is not offended by the exercise of Florida's long-arm statute to effect personal jurisdiction over Lovelady because his intentional conduct in his state of residence was calculated to cause injury

to Carman in Florida. Lovelady cannot now claim surprise at being haled into court here." Licciardello, 544 F.3d at 1288 (internal citations omitted).

In this case, Defendant John Doe #658 does not state in his Brief that he does not reside in Florida, but rather asserts that a search for the location of his IP address using geolocation services indicate that he is located in Pennsylvania. (Doc. #37, p. 4). A district court has recently rejected an argument in a case similar to this that the use of geolocation devices to establish lack of personal jurisdiction over a John Doe defendant must fail. In that case, the Court rejected the notion that these devices could be used to establish a defendant's location:

> The Court rejects this argument for three reasons. First, as the Amici concede, publicly available IP lookups reveal only where a defendant is "likely" to be located. Given that these lookup tools are not completely accurate, this does not resolve the question of whether personal jurisdiction would be proper. Ultimately, the Court would still be unable to properly evaluate jurisdictional arguments until the putative defendants are properly identified and named. See Sony, 326 F.Supp.2d at 567–68 ("Assuming personal jurisdiction were proper to consider at this juncture, the [publicly available IP lookup] techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located [outside this jurisdiction]. This, however, does not resolve whether personal jurisdiction would be proper.").
>
> Second, the nature of the BitTorrent technology enables every user of the file-sharing protocol to access copyrighted material from other peers, who may be located in multiple jurisdictions "around the country," including this one. Amici raise the prospect that the consequence of this theory is that any Internet user may be haled into court in any jurisdiction in the country for any online activity. Call of the Wild Movie LLC v. Does 1–1,062, No. 10–cv–455 (Mar. 1, 2011) ("If merely placing information online were enough to establish personal jurisdiction in the District or anyplace their information could be obtained and downloaded and accessed, the limits on personal jurisdiction would be abolished."). While that broad prospect would indeed be troubling, that is not the situation here. See generally GTE New Media Servs., 199 F.3d at 1350 ("[T]he advent of advanced technology, say, as with the Internet, should [not] vitiate long-held and inviolate principles of federal

> court jurisdiction."). The allegations in the Complaints in <u>Wild</u>, <u>Maverick</u> and <u>Donkeyball</u> do not involve general Internet access, but specific use of a file-sharing protocol that may touch multiple jurisdictions to effectuate a download of a single copyrighted work. Moreover, so far, no putative defendant has been named or "haled" before this Defendant John Court. The plaintiffs in each case will be able to proceed only against those named defendants over whom this Court has personal jurisdiction.
>
> Finally, at this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction or to evaluate possible alternate bases to establish jurisdiction. See, e.g., London–Sire Records, Inc., 542 F.Supp.2d at 181 ("Even taking all of the facts in [the putative defendant's] affidavit as true, it is possible that the Court properly has personal jurisdiction."). When the defendants are named, they will have the opportunity to file appropriate motions challenging the Court's jurisdiction and that will be the appropriate time to consider this issue.

<u>Call of the Wild Movie, LLC v. Does 1-1,062</u>, 770 F. Supp. 2d 332, 347-48 (D.D.C. 2011) (internal citations and quotations omitted). The Court agrees with this line of reasoning and recommends that the Defendant has not established that this Court lacks personal jurisdiction because the geolocation device states that he is located in Pennsylvania

2. *<u>Lack of Venue</u>*

Defendant also alleges that venue is improper in this District. A civil action founded on a federal question may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. 1391(b). In general,

the party challenging venue bears the burden of proof.  See Pilkington v. United Airlines, Inc., 855 F. Supp. 1248, 1249 (M.D. Fla. 1994).

Plaintiff's Complaint states that the 3,932 John Doe Defendants "may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District." (Doc. #1, 5).  It has not been shown in this case that John Doe #658 does not reside within the State of Florida.  At this point in the case, Plaintiff's Complaint is sufficient for venue purposes.

3. *Improper Joinder*

John Doe #658 also moves to quash the subpoena based on improper joinder.  Under the Federal Rules:

> [a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).  Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the persons who join as plaintiffs or who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and all the parties joined must share in

common at least one question of law or fact. A.M. Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000).

In the present case, the Plaintiff alleges that Defendants John Does each used the BitTorrent file-sharing protocol to illegally distribute the Plaintiff's copyrighted work. Plaintiff further asserts that the nature of a BitTorrent protocol is that any "seed peer" that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online simultaneously. In this case, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent P2P protocol to illegally infringe Plaintiff's one copyrighted work. Additionally, Plaintiff asserts that the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff. Further, Plaintiff alleges that its movies have been initially seeded several times. Each seeding produces its own independent swarm.

Based on these allegations, the Court recommends that Plaintiff's claims against the Defendants are logically related. Each John Doe Defendant is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. While the Defendants may be able to rebut these allegations later, the Plaintiff has sufficiently alleged that its claims against the Defendants potentially stem from the same transaction or occurrence and are logically related.

Fed. R. Civ. P. 20(a)(2)(B) requires the Plaintiff's claims against the Defendants to contain a common question of law or fact. The Plaintiff meets this requirement. In each case, the

common at least one question of law or fact. A.M. Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000).

In the present case, the Plaintiff alleges that Defendants John Does each used the BitTorrent file-sharing protocol to illegally distribute the Plaintiff's copyrighted work. Plaintiff further asserts that the nature of a BitTorrent protocol is that any "seed peer" that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online simultaneously. In this case, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent P2P protocol to illegally infringe Plaintiff's one copyrighted work. Additionally, Plaintiff asserts that the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff. Further, Plaintiff alleges that its movies have been initially seeded several times. Each seeding produces its own independent swarm.

Based on these allegations, the Court recommends that Plaintiff's claims against the Defendants are logically related. Each John Doe Defendant is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. While the Defendants may be able to rebut these allegations later, the Plaintiff has sufficiently alleged that its claims against the Defendants potentially stem from the same transaction or occurrence and are logically related.

Fed. R. Civ. P. 20(a)(2)(B) requires the Plaintiff's claims against the Defendants to contain a common question of law or fact. The Plaintiff meets this requirement. In each case, the

Plaintiff will have to establish against each Defendant the same legal claims concerning the validity of the copyrights in the work at issue and the infringement of the exclusive rights reserved to the Plaintiff as the copyright holder. The Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).

   *4. Improper Subpoena*

John Doe #658 moves to quash the subpoena because the subpoena is improper and was issued only for harassment purposes. In this case, as was previously explained in this Court's November 30, 2011, Order allowing the subpoenas to be issued in this matter, Plaintiff made a good cause showing to this Court for early discovery in this Internet infringement case. A Court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. Patrick Collins Inc. v. Does 1-1219, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards).

"A plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes:

(1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008). In addition, some courts also analyze a defendant's First Amendment right to privacy in determining whether to allow the discovery. In these cases, courts require Plaintiff to (4) specify the discovery requested, (5) demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. Sony Music Entertainment v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

In this case, the Court found that Plaintiff had satisfied the above-listed factors. First, Plaintiff has made a concrete showing of a prima facie claim of copyright infringement. The Plaintiff asserts that it holds the copyright on the motion picture "The Mechanic" in its Complaint. (Doc. # 1, ¶ 7). Further the signed declarations of Benjamin Perino, manager of Guardaley, and PatrickAchache, an employee at Guardaley, state the Plaintiff's research has indicated that the movie has been infringed upon and was able to isolate the transactions and the IP addresses being used on the peer-to-peer network to reproduce, distribute, display, or perform Plaintiff's copyrighted work. (Doc. # 9, Ex. A & B Declarations of Benjamin Perino and Patrick Achache).[1] "Moreover, the use of P2P systems to download and distribute copyrighted music has been held to constitute copyright infringement." Sony Music, 326 F. Supp. 2d at 565-66. Second, Plaintiff has established that it lacks any other means of obtaining the subpoenaed information. Plaintiff only has the IP addresses and cannot locate any further information. Rather, once the IP addresses, plus the date and time of the detected and documented infringing

---

[1] Plaintiff hired Guardaley, Ltd., a company that provides, among other things, anti-piracy and forensic investigation services to the motion picture industry to protect copyrighted material. (Doc. #9, Ex. A 5-6).

activity are provided to the ISP, the ISPs can access the identifying information of the subscriber. It appears that Plaintiff has taken all of the steps it can to identify the John Doe Defendants. Third, Plaintiff through the Declaration of Benjamin Perino informs the Court that "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." (Doc. #9, Ex. A ¶ 12). Thus, there is a chance that the ISPs will destroy the logs needed by Plaintiff. Fourth, Plaintiff has sufficiently described the John Doe Defendants by listing the IP address assigned to them on the day Plaintiff alleges the Defendant engaged in the infringing conduct in a chart attached to the Complaint. (Doc. # 1, Ex. A). Fifth, Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement. Sixth, and finally, Plaintiff's interest in knowing Defendants' true identities outweighs Defendants' interests in remaining anonymous. Plaintiff has a strong legitimate interest in protecting its copyrights and it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs. "[A] number of other jurisdictions who have deemed that a file sharer's First Amendment right to anonymity is "exceedingly small." <u>Call of the Wild Movie, LLC v. Does 1-1062 et al</u>, 770 F. Supp. 2d 332, 347-48 (D.D.C. 2011). Plaintiff is entitled to the information requested in the subpoena from ISPs so that it may effect proper service of process on the Defendant after his true identity is known. Therefore, the Court respectfully recommends that the instant motion to quash and motion for protective order be denied as the subpoena issued in this case was proper.

    Accordingly, it is now

**RECOMMENDED:**

John Doe #658's Motion to Dismiss and, in the Alternative, to Quash the Subpoena and Issue a Protective Order (Doc. #37) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___26th___ day of March, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record