David W. Rooker
Representative for DOE No. 307
Charter Case: 11-4883
535 Brookwood Point Pl. Suite 1021
Simpsonville, SC 29681
Phone: 864.248.6292
Facsimile: 864.663.1712
eMail: dwrooker@gmail.com

FILED 2012 MAR 29 PM 3:42 U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS, FLORIDA

UNITED STATES DISTACT COURT
for the Middle District of Florida

Civil Action No. 2:11-cv-00545

NU IMAGE, INC.
Plaintiff

V.

DOES 1-3,932
Defendant.

§
§
§
§
§
§
§
§
§

*MOTION TO QUASH SUBPOENA SERVED UPON CUSTODIAN OF RECORDS, CHARTER COMMUNICATIONS INC., AND MEMORANDUM OF AUTHORITIES*

COMES NOW DOE No. 307

1. Pursuant to FED. R. CIV.P.45 (c) (3) (A) DOE No. 307 files this Motion to Quash Subpoena served upon Custodian of Records, Charter Communications, Inc., because the subpoena requires disclosure of protected information and subjects DOE No. 307 to undue burden. Additionally, the subpoena seeks information that is not relevant to given Plaintiff's inability to link DOE No. 307 to alleged infringing activity.

2. Plaintiff filed suit in the Middle District of Florida Civil Action No. 2:11-cv-00545 against 3932 unnamed DOE defendants, who are identified in its complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained copies of motion pictures of various titles in violation of Plaintiff's copyrights.

3. DOE No. 307 is a resident of the City of Seneca, SC. Charter Communications and Internet service provider (ISP) that provides internet service to its customers, including DOE No. 307. Plaintiff, Nu Image, Inc., served a subpoena on Custodian of Records, Charter Communications, Inc. to compel the disclosure of documents to identify the name, address, telephone number, eMail address and Media Access Control ("MAC") address of DOE No. 307, So DOE No. 307 can be named as a defendant in Plaintiff's copyright infringement action. A true copy of the subpoena is attached as Exhibit A.

4. DOE No. 307 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 307 has personal and proprietary interests. DOE No. 307 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P.45 (c) (3) (B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

5. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Middle District of Florida thus lacks personal jurisdiction over any of the DOE's at this point. The Middle District of Florida also lacks personal jurisdiction over DOE No. 307.

6. Plaintiff filed an ex parte application for "early discovery" (before a Rule 26 (f) conference) so that it could serve subpoenas on ISPs, such as Charter Communications Inc., to determine the internet subscriber name, address, telephone number, eMail address and Media Access Control ("MAC") addresses associated with the IP addresses listed in its spreadsheet. Objection Deadline April 5, 2012, 4:00pm CT This Motion to Quash is timely filed as Charter Communication Inc. notified DOE No. 307 of the subpoena on March 22, 2012.

7. The Nu Image Inc. complaint and ex parte request for expedited discovery form is yet another in a wave of suits in which copyright infringement plaintiffs seek to " tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or a DNA evidence...indeed,, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of person associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers... The infringer might be the subscriber, someone in the subscribers' household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of APR. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order}, attached hereto as Exhibit B. The point so aptly made by Judge Baker is that there may or may not be correlation between the individual subscriber, the IP address, and the infringing activity. ID. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a

raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location for the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Charter Communications Inc., After the raid revealed no pornography on the family computers, federal agents eventually learned they raid the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers Wi-Fi connections. ID This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this court force Charter Communications Inc. to turn over the requested information DOE No. 307 would suffer a reputational injury.

8. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 307 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "Whether you're guilty or not, you look like a suspect." Moreover, this case presents the same extortion risk that so concerned Judge Baker: "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment for public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case." Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publically associated with this type of allegation. Such abuse of the discovery process cannot be allowed to continue.

9. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED.R.CIV.P.45] is subject to the general relevancy standard applicable to discovery under [FED.R.CIV.P.26(b)(1)] The information linked to an IP address cannot give you the identity of the infringer. VPR Internationale Order, because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in anyway. Moreover, even if the information has some small amount of relevance to the claim – which it does not- discovery requests cannot be granted if the quantum of relevance is outweighed by

the quantum of burden to the defendant. FED.R.CIV.P>26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No.307 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE No. 307 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Plaintiff's request for information is unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 307 if allowed to proceed. Good cause exists to quash the subpoena served on Charter Communications Inc. to compel the disclosure of the name, address, telephone number, eMail address and Media Access Control ("MAC") address of DOE No. 307.

10. FOR THESE REASONS, DOE No. 307 requests that this Court quash the subpoena served on Charter Communications Inc. in this matter.

Dated: March 25, 2012

Respectfully submitted,

By: David W. Rooker
Representative for DOE No. 307
Charter Case: 11-4883
535 Brookwood Point Pl. Suite 1021
Simpsonville, SC 29681
Phone: 864.248.6292
Facsimile:864.663.1712
eMail: dwrooker@gmail.com

MOTION TO QUASH SUBPOENA SERVED UPON CUSTODIAN OF RECORDS, CHARTER COMMUNICATIONS INC.
DOE No. 307 Civil Action No. 2:11-cv-00545 March 25, 2012