**Exhibit A**

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| NU IMAGE, INC. <br> *Plaintiff* <br> v. <br> DOES 1-3,932 <br> *Defendant* | Civil Action No. 2:11-cv-00545 <br> (If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Charter Communications, Inc., Attn: Custodian of Records
12405 Powerscourt Drive, St. Louis, MO 63131; Fax: 314-909-0609

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet.

| Place: Jeffrey W. Weaver, Dunlap, Grubb & Weaver, PLLC <br> 780 5th Avenue South, Ste 200 <br> Naples, FL 34102 | Date and Time: <br> 01/20/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/30/2010

| CLERK OF COURT | OR | *[signature]* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Plaintiff** , who issues or requests this subpoena, are:
Nu Image, Inc.
Jeffrey W. Weaver, Dunlap, Grubb & Weaver, PLLC, 780 5th Avenue South, Ste 200, Naples, FL 34102
Tel: 877-223-7212, Fax: 866-874-5101, email: subpoena@dgwlegal.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

Plaintiff,

-vs-                                                        Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3,932,

Defendant.

_____

## ORDER

This matter comes before the Court on the Plaintiff, Nu Image, Inc.'s Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. #9) filed on November 21, 2011. On September 26, 2011, the Plaintiff Nu Image, Inc. filed the instant copyright infringement action (Doc. #1) alleging that each John Doe Defendant is liable for direct copyright infringement in violation of 17 U.S.C. § § 101 *et seq.* and contributory copyright infringement. Subsequent to the filing of the Complaint, the Plaintiff filed the instant motion to take early discovery on November 21, 2011.

The Plaintiff alleges that each of the Defendants transferred copies of the motion picture entitled "the Mechanic" among the P2P network users. A P2P network is an online media distribution network that allows users to make copies and transfers of files between other internet users. In this instance the Plaintiff alleges that the Defendants used a "BitTorrent protocol" (Torrent). The Torrent protocol is different from standard P2P protocols, like Limewire and Kazaa, because it allows smaller computers that are low bandwidth capable to participate in large data transfers across a P2P network.

With regard to the instant Motion, Plaintiff alleges that it does not know Defendants' names and addresses and therefore is unable to locate them to effect service of process. Plaintiff has been able to obtain only the IP addresses for each of the Defendants and the ISP for each IP address. The Plaintiff states that while the identity and address of every infringer is not currently known, upon information and belief, each act or a majority of the copyright infringements may be traced to Defendants with a physical address located within the Middle District of Florida.

Plaintiff states that it owns the exclusive rights to the motion picture entitled "The Mechanic." (Doc. # 1 at ¶ 10). The Plaintiff alleges that the John Doe Defendants, without Plaintiff's consent or permission, used a peer-to-peer file sharing protocol to reproduce and distribute the film or portions of the film. As a result, Plaintiff alleges that he has incurred monetary damages, including lost sales, price erosion, and a diminution of the value of its copyright. Plaintiff seeks monetary and injunctive relief, and costs and attorneys' fees. The Plaintiff requests that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the John Doe Defendants so that Plaintiff may complete service of process on them.

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. Proc. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. Patrick Collins Inc. v. Does 1-1219, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards). "A plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely

to reveal the identity of the correct defendant." Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008). In addition, some courts also analyze a defendant's First Amendment right to privacy in determining whether to allow the discovery. In these cases, courts require Plaintiff to (4) specify the discovery requested, (5) demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. Sony Music Entertainment v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

In this case, Plaintiff has satisfied the above-listed factors. First, Plaintiff has made a concrete showing of a prima facie claim of copyright infringement. The Plaintiff asserts that it holds the copyright on the motion picture "The Mechanic" in its Complaint. (Doc. # 1, ¶ 7). Further the signed declarations of Benjamin Perino, manager of Guardaley, and Patrick Achache, an employee at Guardaley, state the Plaintiff's research has indicated that the movie has been infringed upon and was able to isolate the transactions and the IP addresses being used on the peer-to-peer network to reproduce, distribute, display, or perform Plaintiff's copyrighted work. (Doc. # 9, Ex. A & B Declarations of Benjamin Perino and Patrick Achache).[1] "Moreover, the use of P2P systems to

---

[1] Plaintiff hired Guardaley, Ltd., a company that provides, among other things, anti-piracy and forensic investigation services to the motion picture industry to protect copyrighted material. (Doc. #9, Ex A 5-6). Perino and Achache are both employed by Guardaley.

download and distribute copyrighted music has been held to constitute copyright infringement." Sony Music, 326 F. Supp. 2d at 565-66. Second, Plaintiff has established that it lacks any other means of obtaining the subpoenaed information. Plaintiff only has the IP addresses and cannot locate any further information. Rather, once the IP addresses, plus the date and time of the detected and documented infringing activity are provided to the ISP, the ISPs can access the identifying information of the subscriber. It appears that Plaintiff has taken all of the steps it can to identify the John Doe Defendants. Third, Plaintiff through the Declaration of Benjamin Perino informs the Court that "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." (Doc. #9, Ex. A ¶ 12). Thus, there is a chance that the ISPs will destroy the logs needed by Plaintiff. Fourth, Plaintiff has sufficiently described the John Doe Defendants by listing the IP address assigned to them on the day Plaintiff alleges the Defendant engaged in the infringing conduct in a chart attached to the Complaint. (Doc. # 1, Ex. A). Fifth, Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement. Sixth, and finally, Plaintiff's interest in knowing Defendants' true identities outweighs Defendants' interests in remaining anonymous. Plaintiff has a strong legitimate interest in protecting its copyrights and it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs. "[A] number of other jurisdictions who have deemed that a file sharer's First Amendment right to anonymity is "exceedingly small." Call of the Wild Movie, LLC v. Does 1-1062 et al., --- F. Supp. 2d ---, 2011 WL 996786, *12 (D.D.C. Mar. 22, 2011).

Based on the above discussion of the factors, the Court finds that the Plaintiff has demonstrated good cause to grant Plaintiff leave to conduct early discovery to identify the John Doe Defendants.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiff, Nu Image, Inc.'s Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. #9) is **GRANTED**.

(2) Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Motion. Plaintiff shall attach to any such subpoena a copy of the Complaint, Motion, and this Order.

(3) Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

(4) Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable services over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation fo such a cable system

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

-5-

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed

by sending a copy fo the Complaint, the Motion and this Order to the Defendant.

(5) The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its consumers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

(6) Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of November, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

| | |
|---|---|
| NU IMAGE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:11-cv-545-FtM-29SPC |
| | ) |
| DOES 1 – 3,932 | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO TAKE DISCOVERY
## PRIOR TO RULE 26(f) CONFERENCE

Plaintiffs, by counsel, pursuant to the Federal Rules of Civil Procedure, respectfully move this Court for leave to take discovery prior to the Rule 26(f) conference for the reasons stated in its accompanying Memorandum of Points & Authorities filed contemporaneously herewith. Plaintiffs request a hearing on this matter, if necessary, on an expedited basis.

Respectfully submitted,
NU IMAGE, INC.

DATED: November 21, 2011

By:     /s/ Jeffrey Weaver
Jeffrey W. Weaver
Florida Bar No. 178780
DUNLAP, GRUBB & WEAVER, PLLC
780 5th Avenue South, Ste 200
Naples, FL 34102
Telephone: 239-349-2566
Facsimile: 703-777-3656
jweaver@dglegal.com
*Counsel for the Plaintiff*

1