UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

                Plaintiff,

-vs-                                              Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3, 932,

                Defendant.
_____

## ORDER

This matter comes before the Court on Defendant John Doe #897's Corrected Motion to Quash (Doc. #147) filed on April 9, 2012. Plaintiff filed its Opposition (Doc. #179) on April 19, 2012. The Motion is now ripe for review.

On September 26, 2011, Plaintiff Nu Image, Inc., a California corporation with its principal place of business in California, filed the instant copyright infringement action (Doc. # 1) alleging that each John Doe Defendant is liable for direct copyright infringement in violation of 17 U.S.C. § § 106 and 501 and contributory copyright infringement. Plaintiff alleges that the Doe Defendants unlawfully copied and distributed Plaintiff's motion picture, *The Mechanic*, over the Internet. Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. # 9) in order to take early discovery. As grounds for taking early discovery, Plaintiff alleged that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requested that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain

identifying information for the John Doe Defendants such as their addresses so that Plaintiff may complete service of process on them. Plaintiff asserted that the first step in this case was learning the identity of the subscribers whose IP addresses were used to commit an infringement.

On November 30, 2011, this Court granted Plaintiff's request to take early discovery (Doc. # 10) and allowed Plaintiff to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to that Motion. Apparently these subpoenas were served on the Internet Service Providers, which in turn gave notice to their "customers"—i.e., the John Doe Defendants—that the ISP had received the subpoena. Certain John Doe Defendants have filed motions to quash the subpoenas and/or motions to dismiss them from the action. John Doe #897, one of the Doe defendants, filed the instant motion to quash the subpoena due to the Court's lack of personal jurisdiction.

In this case, as was previously explained in this Court's November 30, 2011, Order allowing the subpoenas to be issued in this matter, Plaintiff made a good cause showing to this Court for early discovery in this Internet infringement case. A Court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. <u>Patrick Collins Inc. v. Does 1-1219</u>, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards).

*Personal Jurisdiction*

John Doe #897 argues that because this Court lacks personal jurisdiction over him or her, the subpoena for their records should be quashed. Specifically, John Doe #897 asserts that he or she is not and has never been a resident of the State of Florida[1] and lacks any continuing contacts with this forum, let alone regular and consistent contacts required to confer jurisdiction pursuant to Florida's long-arm statute, Fla. Stat. § 48.193.

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Mazer, 556 F.3d at 1274. A prima facie case is established if plaintiff alleges enough facts to withstand a motion for directed verdict. Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000); SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir.1997). In this case, Plaintiff has failed to allege sufficient facts in the Complaint to make out a prima facie case against the Defendant, and therefore the burden-shifting analysis which would otherwise follow, Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000), need not be discussed.

The Florida long-arm statute provides for both specific and general jurisdiction. To establish specific jurisdiction under Florida Statutes § 48.193(1)(f), plaintiff must allege that the non-resident defendant caused injury to persons or property within Florida from a place outside of Florida. The following acts convey personal jurisdiction under the long-arm statute: (1)

---

[1] Doe #897 has attached a Declaration as an Exhibit to the instant Motion, attesting to the fact that he or she is not a resident of Florida. As the Court is considering a motion to quash rather than dismissal, matters outside the pleadings may be considered.

operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida; (2) committing a tortious act in Florida; (3) owning, using, possessing, or holding a mortgage or other lien on any real property in Florida; (4) contracting to insure any person, property, or risk located within Florida at the time of contracting; (5) causing injury to persons or property within Florida arising out of an act or omission by the defendant outside of Florida, if, at the time of the injury either the defendant was engaged in solicitation or service activities within Florida or products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within Florida; and (6) breaching a contract in Florida by failing to person acts required by the contract to be performed in Florida. Fla. Stat. § 48.193(1). "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).

Plaintiff does not assert in its Brief which provisions of the Florida long-arm statute are specifically relevant to personal jurisdiction over these Defendants. Rather, Plaintiff merely argues that dismissal of the action is premature at this stage and discovery is needed in order to establish jurisdiction. With regard to jurisdiction, Plaintiff's Complaint states that the 3,932 John Doe Defendants "may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District." (Doc. #1, ¶ 5). Plaintiff further stated in the Complaint that "on information and belief personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights." Id. Given these assertions, the Court assumes that Plaintiff is

alleging under the long-arm statute that the Doe Defendants' actions, even if they reside outside the state, caused economic injury to the Plaintiff in Florida. Accordingly, subsection (f) of the statute would be the basis for conferring jurisdiction, which states that "causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: (1) The defendant was engaged in solicitation or service activities within this state; or (2) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use."

The Court notes that the "injury" cannot be a mere economic injury. Aetna Life & Cas. Co. v. Therm-O-Disc, Inc., 511 So.2d 992, 994 (Fla. 1987); see also Snow v. DirecTV, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006); Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 629 (11th Cir. 1996) ("[M]ere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f)."); Sun Bank, N.S. v. E.F. Hutton & Co., Inc., 926 F.2d 1030, 1033 (11th Cir. 1991). Here, economic injury is all that is alleged in the Complaint. The Complaint states that Defendants "may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District" and that "each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights." (Doc. #1, ¶ 5). Thus, Plaintiff cannot establish personal jurisdiction under section 48.193(1)(f).

Another provision of the Florida long-arm statute that could apply to this case is subsection (b) of section 48.193(1)—that the defendant committed a tortious act in Florida. The Eleventh Circuit has recognized copyright infringement is in the nature of a tort. BUC Intern.

Corp. v. International Yacht Council Ltd., 517 F.3d 1271, 1278 (11th Cir. 2008). "We have held that § 48.193(b) of the Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state." Licciardello v. Lovelady, 544 F.3d 1280, 1283 (citing Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir. 1999)) (adopting broad interpretation of long-arm statute by Florida courts that permits personal jurisdiction over nonresident defendant alleged to have committed a tort causing injury in Florida). In Licciardello, the Eleventh Circuit found that tortious conduct had occurred in Florida because a website that contained the infringing mark was accessible in Florida and therefore personal jurisdiction over the non-resident defendant existed. Id. at 1283. But in that case, the holder of the mark resided in Florida. Id. In this case, neither the Plaintiff nor the Defendant reside in Florida nor have a place of business in Florida, and it is merely conjectural that Doe #897 committed copyright infringement with any individual in Florida.

Additionally, the Court must determine whether general jurisdiction has been established pursuant to Florida Statutes § 48.193(2). This section provides personal jurisdiction over a defendant who is engaged in substantial and not isolated activity within Florida whether or not the claim arises from that activity. "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." Fraser v. Smith, 594 F.3d 842, 846 (11th Cir. 2010) (citing Woods v. Nova Cos. Belize, 739 So.2d 617, 620 (Fla. 4th DCA 1999)). This requires defendant's contacts with Florida to be "continuous and systematic." Fraser, 594 F.3d at 846; Mazer, 556 F.3d at 1275 n.16. In considering the minimum contacts as required by the due process clause of the United States Constitution, the Eleventh Circuit noted:

> Therefore, in order to determine whether the due process clause
> permits the exercise of personal jurisdiction over Lovelady, we

> must assess whether he has purposefully established such constitutionally significant contact with the state of Florida that he could have reasonably anticipated that he might be sued here in connection with those activities. If so, we must consider whether the forum's interest in this dispute and the plaintiff's interest in obtaining relief are outweighed by the burden on the defendant of having to defend himself in a Florida court.

Licciardello, 544 F.3d at 1285. The Middle District of Florida recognized that "a number of courts" have held that "where a defendant's tortuous conduct is intentionally and purposefully directed at a resident of the forum, the minimum contacts requirement is met, and the defendant should anticipate being haled into court in that forum." New Lenox Industries v. Fenton, 510 F.Supp. 2d 893, 904 (M.D. Fla. 2007). In that case, the plaintiff had alleged fraud and misappropriation of trade secrets, and the district court held that jurisdiction was proper inasmuch as "Plaintiff alleges that Defendants committed one or more intentional torts ... against Plaintiff who was injured in Florida." Id. at 904-05. In Licciardello, the Eleventh Circuit evaluated defendant's contact with Florida and found that even though the website was created in Tennessee, defendant could be haled into Florida court, noting that "[t]he Constitution is not offended by the exercise of Florida's long-arm statute to effect personal jurisdiction over Lovelady because his intentional conduct in his state of residence was calculated to cause injury to Carman in Florida. Lovelady cannot now claim surprise at being haled into court here." Licciardello, 544 F.3d at 1288 (internal citations omitted).

In this case, Doe #897 maintains that he or she has no contacts with Florida, does not live in Florida, and has not conducted business in Florida. John Doe #897 has filed an affidavit to such (Doc. #147, p. 7–8). Under 28 U.S.C. § 1746, a declaration submitted "under the penalty of perjury and dated" is admissible in lieu of a sworn affidavit. However, the statute expressly requires that in order for a declaration to substitute for an affidavit, the declaration must be given

under penalty of perjury and dated. See Palmer v. Bracy, 2011 WL 4005887 *4 (M.D. Fla. Sept. 9, 2011) (finding an affidavit given under penalty of perjury is admissible in lieu of a sworn affidavit on a motion for summary judgment). Here, John Doe #897's affidavit complies with the statutory requirements. It is both dated and given under penalty of perjury.

Thus, the facts are distinguishable from Licciardello. In this case, there is no allegation by the Plaintiff that the defendants engaged in any activity directed or calculated to harm any residents or businesses in Florida. Plaintiff relies on the fact that the alleged activity took place over the Internet—namely that even if the Doe Defendant is not a resident of Florida, he or she still could have "shared" or downloaded the file from someone residing in Florida, and therefore the alleged unlawful distribution occurred in Florida, and every jurisdiction in the United States for that matter. (Doc. #1, ¶ 5). Numerous courts have held that the use of the Internet does not automatically confer jurisdiction:

> Indeed, under this view, personal jurisdiction in internet-related cases would almost always be found in any forum in the country. We do not believe that the advent of advanced technology, say, as with the Internet, should vitiate long-held and inviolate principles of federal court jurisdiction. . . . In the context of the Internet, GTE's expansive theory of personal jurisdiction would shred these constitutional assurances out of practical existence. Our sister courts have not accepted such approach, and neither shall we.

GTE New Media Services, Inc. v. BellSouth Corp., 199 F.3d 1343, 1350 (D.C. Cir. 2000). See also ALS Scan, Inc. v. Digital Services Consultants, Inc., 239 F.3d 707 (4th Cir. 2002); Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 133 (D.D.C. 2009). In Licciardello, the Eleventh Circuit in a footnote that its decision was not intended to establish any general rule for personal jurisdiction in the internet context. 544 F. 3d at 1288 n.8. "We hold only that where the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim

may hale the infringer into that state to obtain redress for the injury." Id. The tenuous connection to the State of Florida in this case does not support jurisdiction under the Constitution.

Accordingly, it is now

**ORDERED:**

John Doe #897's Corrected Motion to Quash (Doc. #147) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record