UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Nu Image, Inc.,

    Plaintiff,

v.

Does 1-3,932,

    Defendants.

_____/

Case No. 2:11-cv-00545-JES-SPC

**LIMITED OBJECTION TO REPORT AND RECOMMENDATION OF
JOHN DOE # 848 (I.P. ADDRESS 68.36.65.121)**

Movant, identified by Internet Protocol ("I.P.") Address 68.36.65.121 and listed at Line 848 in Exhibit #1 of Plaintiff's Complaint, respectfully submits this limited objection to the Report and Recommendation (Doc. No. 159) (hereinafter "R & R") granting in part and denying in part Movant's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. No. 58).[1] Although Movant supports the R & R in that it recommends that the Court quash the subpoena due to the Court's lack of jurisdiction over Movant, he submits this limited objection to challenge the R & R to the extent that it rejects Movant's arguments related to improper joinder.

**I. ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants in one action if: "(A) any right to relief is asserted against them jointly, severally, or

---

[1] In accordance with Rule 72 of the Federal Rules of Civil Procedure, Movant submits this limited objection to preserve his arguments should the Court decide not to follow the R & R, which recommends the subpoena be quashed due to the Court's lack of jurisdiction over Movant.

in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." To remedy improperly joined parties, "the court may at any time, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21.

The R & R recommends that the Plaintiff's claims are logically related because, by alleged use of the BitTorrent protocol, each Doe "is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material." R & R at p. 11-12. However, Plaintiff has only alleged that the 3,932 Does' I.P. addresses were used to download the same file. It does not allege that any of the 3,932 Does exchanged any information with each other or worked together. Exhibit A to Plaintiff's own Complaint shows that the various 3,932 Does allegedly used BitTorrent on various days and times over the course of several weeks. Such varied activity is insufficient to satisfy the "same transaction, occurrence or series of transactions and occurrences" for the purposes of joinder. Fed. R. Civ. P. 21(a)(2). "Numerous courts have found that alleged copyright infringement through the use of [peer-to-peer] networks is insufficient to sustain permissive joinder." Liberty Media Holdings, LLC v. Bittorrent Swarm, No. 11-CV-21525, 2011 U.S. Dist. LEXIS 126333, at *4 (S.D. Fla. Nov. 1, 2011) (citing Hard Drive Prods v. Does 1-188, No. 11-CV-1566, 2011 U.S. Dist. LEXIS 94317, 2011 WL 3740473, at *7-9) (N.D. Cal Aug. 23, 2011)); see also K-Beech, Inc. v. Does 1-85, No. 11-CV-469, 2011 U.S. Dist. LEXIS 124581, at *3 (E.D. Va. Oct. 5, 2011) ("The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work – which occurred on different days and times over a span of three months – is insufficient to meet the standards of joinder set forth in Rule 20."); Diabolic Video Prods., Inc. v. Does 1-2099, No.

10-CV-5865, 2011 U.S. Dist. LEXIS 58351, at *10-11 (N.D. Cal. May 31, 2011). In addition, "[m]erely participating in a BitTorrent swarm does not equate to participating in the same 'transaction, occurrence, or series of transactions or occurrences.'" Liberty Media Holdings, LLC, No. 11-CV-21525, 2011 U.S. Dist. LEXIS 126333 at *7 (quoting Fed. R. Civ. P. 20); see also La Face Records, LLC v. Does 1-38, 2008 U.S. Dist. LEXIS 14544, 2008 WL 544992, at *7 (E.D.N.C. Feb. 27, 2008) ("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder."). As a result, Plaintiff's attempt to use the peer-to-peer network BitTorrent to create a basis for the proper joinder of 3,932 unrelated Does, including Movant, is insufficient.

Rule 21 of the Federal Rules of Civil Procedure allows a court to sever improperly joined parties. Several other courts have found this to be the appropriate remedy for improperly joined Doe defendants in other alleged copyright infringement actions. See, e.g., Liberty Media Holdings, LLC, No. 11-CV-21525, 2011 U.S. Dist. LEXIS 126333 at *7 (quoting Fed. R. Civ. P. 20); On the Cheap, LLC v. Does 1-5001, No. 10-CV-4472, 2011 U.S. Dist. LEXIS 99831, at *17 (N.D. Cal. Sept. 6, 2011) (severing and dismissing without prejudice all but the first Doe defendant to appear on plaintiff's list of I.P. addresses, which was the first I.P. address that appeared to reside within the court's jurisdiction). Accordingly, Movant should be severed and dismissed from this action.

Movant does not object to the R & R's recommendation that Movant's Motion to Quash be granted because the Court lacks jurisdiction over Movant.

### III.  CONCLUSION

For the foregoing reasons, as well as those set forth in Movant's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. No. 58), Movant requests that the court grant his Motion.

Dated: April 26, 2012

By: /s/Simeon D. Brier
Simeon D. Brier
Florida Bar No. 525782
EDWARDS WILDMAN PALMER LLP
525 Okeechobee Blvd., Suite 1600
West Palm Beach, FL 33401
Telephone:  561.833.7700
Facsimile:   561.655.8719
sbrier@edwardswildman.com

Attorneys for Movant

### Certificate of Service

I hereby certify that on April 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Simeon D. Brier
Simeon D. Brier

**Service List**

| | |
|---|---|
| **Jeffrey W. Weaver, Esq.**<br>Dunlap, Grubb & Weaver, PLLC<br>199 Liberty St. SW<br>Leesburg, VA 20175<br>Telephone: 703.777.7319<br>Fax: 703.777.3656<br>Email: jweaver@dglegal.com | **Robert W. Murphy**<br>Law Office of Robert W. Murphy<br>1212 SE 2nd Ave<br>Ft Lauderdale, FL 33316<br>Telephone: 954.763.8660<br>Fax: 954.763.8607<br>Email: rphyu@aol.com |
| **Daniel Fisher Tamaroff, Esq.**<br>Tamaroff & Tamaroff<br>169 East Flager St., Suite 1633<br>Miami, Fl 33131<br>Telephone: 305.403.2020<br>Fax: 305.403.2021<br>dan@tamarofflaw.com | **Jonathan W. Skipp, Esq.**<br>Horr, Novak & Skipp, PA<br>1 Datran Center - Suite 1104<br>9100 S Dadeland Blvd<br>Miami, FL 33156-7866<br>Telephone: 305.670.2525<br>Fax: 305.670.2526<br>jskipp@admiral-law.com |
| **Daniel Jordan Simon, Esq.**<br>Lachandani Simon, PL<br>Suite 503<br>990 Biscayne Blvd<br>Miami, FL 33132<br>Telephone: 305.999.5291<br>Fax: 305.671.9282<br>danny@lslawpl.com | **G. Keith Ernst**<br>1725 Second Ave. N.<br>Bessemer, AL 35020 |
| **John Doe**<br>10919 West Road, Apt. 937<br>Houston, TX 77064 | **Scott J. Corrigan**<br>245 Marble Street<br>Cadillac, MI 49601 |
| **Joseph D. Woycke**<br>129 Apple Valley Drive<br>Woodstock, GA 30188 | **John Doe**<br>2223 NW 7th Avenue<br>Owatonna, MN 55060 |
| **Michael Rene Hinnant**<br>9641 River Rd.<br>Wilmington, NC 28412 | **Judy Hinnant**<br>9641 River Rd.<br>Wilmington, NC 28412 |
| **Michael Goldberg**<br>2500 Bel Air Drive<br>Glenview, Il 60025 | |