**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Ft. Myers Division**

|  |  |  |
|---|---|---|
| _____ ) |  |  |
| **NU IMAGE, INC.** | ) |  |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| **v.** | ) | **Case No. 2:11-cv-00545-JES-SPC** |
|  | ) |  |
| **DOES 1 – 3,932** | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |
| _____ ) |  |  |

**PLAINTIFF'S OPPOSITION TO DOE DEFENDANT MOTIONS TO QUASH**

**SUBPOENAS, DISMISS, AND/OR SEVER [DOC. NOS. 175, 176, 178, 181, 189, 190, 191,**

**192, 194, 195, 202]**

## TABLE OF CONTENTS

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT ...................................................................................................................1

    A. JOINDER IS PROPER AT THIS STAGE OF THE CASE ...........................................3

        1. General standards regarding joinder .......................................................................3

        2. Plaintiff's right to relief arises out of the same transaction, occurrence, or series of

        transactions or occurrences ....................................................................................4

        3. A question of law or fact common to all Doe Defendants will arise ........................7

        4. Similar cases have found that allegations similar to Plaintiff's do not violate

        Rule 20 .................................................................................................................8

        5. Similar cases that have found misjoinder are significantly distinguishable and

        flawed..................................................................................................................10

        6. Joinder will not prejudice the Doe Defendants or result in needless delay .............11

    B. QUASHING THE SUBPOENA OR DISMISSING A PARTICULAR DOE

    DEFENDANT BASED ON PERSONAL JURISDICTION OR VENUE GROUNDS

    WOULD BE PREMATURE ..........................................................................................13

    C. THE DOE DEFENDANTS HAVE NOT, AND CANNOT, DEMONSTRATE THAT

    THE INFORMATION SOUGHT IS PRIVILEGED .......................................................16

    D. THE DOE DEFENDANTS' DEFENSES ARE NOT RELEVANT ............................19

TABLE OF AUTHORITIES

**Cases**

Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577,

   Case No. 10-453 (D.D.C.) ........................................................................7

Angiolillo v. Collier County, 2009 WL 3762857 (M.D. Fla. June 18, 2009) ..............................11

Arista Records, LLC v. Does 1-11, No. 1:07-CV-2828, 2008 WL 4823160

   (N.D. Ohio Nov. 3, 2008) ..................................................................8, 9

Arista Records LLC v. Does 1-16, 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009) ....................8, 13

Arista Records LLC v. Does 1–19, 551 F.Supp.2d 1 (D.D.C. 2008) ........................................5, 15

Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008) ........................ 7-8, 9, 11

Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426 (M.D. Fla. 2005).......12

Brereton v. Commc'ns Satellite Corp., 116 F.R.D. 162 (D.D.C. 1987)..........................................4

Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332

   (D.D.C. 2011) ................................................................... 6-7, 11, 14, 15, 16, 17

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334 (2011)..................................... 7, 13-14, 18

Brereton v. Commc'ns Satellite Corp., 116 F.R.D. 162 (D.D.C. 1987)..........................................2

Davidson v. District of Columbia, 736 F. Supp. 2d 115 (D.D.C. 2010)...........................................3

Digital Sin, Inc. v. John Does 1 – 176, Case 1:12-cv-00126 (S.D.N.Y. Jan. 30, 2012).................9

DIRECTV, Inc. v. Barrett, 220 F.R.D. 630 (D. Kan. 2004).....................................................6, 10

Disparte v. Corporate Executive Bd., 223 F.R.D. 7 (D.D.C. 2004) ...........................................2, 5

Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520 (D.D.C.) .................................. passim

Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340,

   111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)...........................................................16

ii

Fonovisa, Inc. v. Does 1-9, Civil Action No. 07-1515, 2008 WL 919701

    (W.D. Pa. Apr. 3, 2008) ............................................................................8

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001) ............................................................15

K-Beech, Inc. v. Does 1-22, Civil Action No. 11–cv–01774–AW,

    2011 WL 6000768 (Nov. 29, 2011 D. Md.) ......................................................6

Lane v. Tschetter, No. 05–1414, 2007 WL 2007493 (D.D.C. July 10, 2007)...............10

London–Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153 (D. Mass. 2008) ...........10, 13

M.K. v. Tenet, 216 F.R.D. 133 (D.D.C. 2002) ...........................................................2

Maverick Entertainment Group, Inc. v. Does 1-1,000, Case No. 10-569 (D.D.C.).............. passim

MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004) .....................4

Mosley v. General Motors Corporation, 497 F.2d 1330 (8th Cir. 1974) ........................2

Nathai v. Florida Detroit Diesel-Allison, Inc., 2009 WL 2424570 (M.D. Fla. Aug. 5, 2009) ......11

NetJets Aviation, Inc. v. Peter Sleiman Development Group, LLC,

    2011 WL 6752488 (M.D. Fla. Dec. 22, 2011)............................................ 11-12

Patrick Collins, Inc. v. Does 1-22, Civil Action No. 11–cv–01772–AW,

    2011 WL 5439005 (Nov. 8, 2011 D. Md.) ........................................................6

Patrick Collins, Inc. v. Does 1-11, Civil Action No. 11–cv–01776–AW,

    2011 WL 5439045 (Nov. 8, 2011 D. Md.) ........................................................6

Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556

    (S.D.N.Y. 2004) ...............................................................8, 12-13, 15-16, 17

Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006)................. 4-5

Third Degree Films, Inc. v. Does 1-118, Civil Action No. 11–cv–03006–AW,

    2011 WL 6837774 (Dec. 28, 2011 D. Md.)........................................................6

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130,

    16 L.Ed.2d 218 (1966) ............................................................................................2

U.S. v. Kennedy, 81 F. Supp. 2d 1103 (D. Kan. 2000) ................................................15

West Bay One, Inc. v. Does 1-2,000, Case No. 10-481 (D.D.C.) ...................................7

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011)................. 7, 14, 18-19

Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812 (5th Cir. 2004) ............................12

**Statutes**

Fed. R. Civ. P. Rule 20 ............................................................................................ 1-2

Fed. R. Civ. P. Rule 21 ..............................................................................................2

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I. INTRODUCTION

Plaintiff has identified certain Doe Defendants who have unlawfully copied and distributed Plaintiff's motion picture over the Internet.  At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine the Doe Defendants' actual names is from the Internet Service Providers ("ISPs") to which the Doe Defendants subscribe and from which the Doe Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

A number of Doe Defendants have filed motions to quash or modify subpoenas issued to the ISPs, to dismiss, and/or to sever.  [Doc. Nos. 175, 176, 178, 181, 189, 190, 191, 192, 194, 195, 202]  Because the motions do not provide good cause for severing this case, quashing the subpoenas, or dismissing these particular Doe Defendants, Plaintiff requests that the motions be denied in their entirety.

II. ARGUMENT

A.  JOINDER IS PROPER AT THIS STAGE OF THE CASE.

1.  <u>General standards regarding joinder</u>

The Federal Rules of Civil Procedure, specifically Rule 20, provide for the permissive joinder of parties.  As relevant to this case, Rule 20 states that "[p]ersons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. Rule 20(a)(2).

Rule 21 states that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. Rule 21.

In considering the first prong of Rule 20(a), determining whether claims are part of the same transaction, occurrence, or series of transactions and occurrences, the Court should ask whether the claims are "logically related." See, e.g. Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974); see also Disparte v. Corporate Executive Bd., 223 F.R.D. 7, 10, fn. 6 (D.D.C. 2004) (stating that the "logical relationship test is flexible"). This is a flexible test, and "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

As to the second prong of Rules 20(a), "[t]he rule does not require that all questions of law and fact raised by the dispute be common….common questions have been found to exist in a wide range of context." Mosley v. General Motors Corporation, 497 F.2d at 1334. Lastly, some courts consider whether an order under Rule 21 would prejudice any party or would result in undue delay. See Brereton v. Commc'ns Satellite Corp., 116 F.R.D. 162, 163 (D.D.C. 1987) (stating that Rule 21 must be read in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party).

Overall, the purpose of Rule 20 is "to promote trial convenience and expedite the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it." M.K. v. Tenet, 216 F.R.D. 133,

137 (D.D.C. 2002).  "[T]he two prongs of Rule 20(a) are to be liberally construed in the interest

of convenience and judicial economy . . . in a manner that will secure the just, speedy, and

inexpensive determination of the action."  Davidson v. District of Columbia, 736 F. Supp. 2d

115, 119 (D.D.C. 2010) (citations and alterations omitted).

> 2.  Plaintiff's right to relief arises out of the same transaction, occurrence, or
>     series of transactions or occurrences.

The nature of the infringement alleged in this case tends to show that all Doe Defendants

engaged in the same series of transactions and occurrences.  Each Doe Defendant is alleged to

have participated in a swarm with other Doe Defendants, all of which was targeted at one thing –

illegally downloading/uploading Plaintiff's copyrighted movie.  [See Doc. No. 1 (Complaint) ¶

3]  Even though all of the Doe Defendants may not have participated on the very same day and

time, all of the events involving all of the Doe Defendants are logically related to the sharing of

the "seed" file (Plaintiff's copyrighted movie in digital form).  See id.

Specifically, Plaintiff alleges that the BitTorrent file-sharing protocol "makes every

downloader also an uploader of the illegally transferred file(s).  This means that every 'node' or

peer user who has a copy of the infringing copyrighted material on a torrent network must

necessarily also be a source of download for that infringing file."  [Doc. No. 1 (Complaint) ¶ 3]

Additionally, the "nature of a BitTorrent protocol [is that] any seed peer that has downloaded a

file prior to the time a subsequent peer downloads the same file is automatically a source for the

subsequent peer so long as that first seed peer is online at the time the subsequent peer

downloads a file."  Id. at ¶ 4.

Again, this BitTorrent file-sharing protocol is significantly different from the prior cases

involving copyright infringement via P2P systems.  [See Doc. No. 1 (Complaint) ¶ 3]  Using

3

those platforms, the infringer basically copied a work from one other user.  Each particular act of

infringement involved a specific one-on-one connection between two users for that specific file.

Once the sharing of that file was over, so presumably was the relationship between the

infringers.

Further, because those prior music peer-to-peer cases dealt with multiple rights holders

asserting claims for multiple copyrighted works, the infringements tended to be more

independent and unrelated acts amongst the various doe defendants.  For example, in prior cases

each doe defendant was typically alleged to have downloaded a number of different songs—

protected by a number of different copyrights and owned by a number of different plaintiff

copyright holders—from various third-party infringers.

Here, the fact that Plaintiff is alleging infringement of only one work tends to show a

relationship among all Doe Defendants.  In <u>MyMail, Ltd. v. America Online, Inc.</u>, 223 F.R.D.

455 (D.C. Tex. 2004), the court specifically held that joinder of unrelated defendants who

allegedly infringed the same patent was proper.  The court stated:

> A logical relationship exists if there is some nucleus of operative facts or
> law….MyMail alleges that all defendants have infringed the '290 patent….The
> UOL Defendants urge the Court to adopt the rule that infringement by different
> defendants does not satisfy Rule 20's same transaction requirement, but the Court
> finds that this interpretation of Rule 20 is a hypertechnical one that perhaps fails
> to recognize the realities of complex, and particularly patent, litigation. In
> essence, the UOL Defendants advocate a rule that requires separate proceedings
> simply because unrelated defendants are alleged to have infringed the same
> patent. The Court disagrees with such a per se rule that elevates form over
> substance. Such an interpretation does not further the goals of Rule 20, especially
> for discovery and motion purposes.

<u>Id.</u> at 456-457 (internal citations omitted); <u>see</u> <u>Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.</u>,

233 F.R.D. 615 (D. Kan. 2006) ("The first requirement is met because Sprint's claims against all

the defendants arise out of the same transaction or occurrence. Most notably, Sprint alleges that

each of the defendants has infringed the same seven patents.").

Similarly, in this case, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent P2P protocol to illegally infringe Plaintiff's one copyrighted work. Additionally, the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff. Based on these allegations, Plaintiff's claims against all of the Doe Defendants are logically related.

Each Doe Defendant is a possible source for Plaintiff's movie and may be responsible for distributing the movie to the other Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. See Disparte, 223 F.R.D. at 10 (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is "flexible."). While the Doe Defendants may be able to rebut these allegations later, Plaintiff has sufficiently alleged that its claims against the Doe Defendants potentially stem from the same transaction or occurrence and are logically related. See Arista Records LLC v. Does 1–19, 551 F.Supp.2d 1, 11 (D.D.C. 2008). ("While the Courts notes that the remedy for improper joinder is severance and not dismissal, ... the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.").

3.   A question of law or fact common to all Doe Defendants will arise.

Plaintiff has alleged identical claims against all Doe Defendants for each and every Doe Defendant's alleged use of an online media distribution system to distribute Plaintiff's movie. [See Doc. No. 1 (Complaint) at ¶ 12] Therein, Plaintiff has alleged similar questions of fact, including without limitation how BitTorrent works and the methods used by Plaintiff to investigate, uncover, and collect evidence about the infringing activity. Further, Plaintiff has

alleged the exact same legal claim against each and every Doe Defendant – "Infringement of Copyrights."  [See Doc. No. 1 (Complaint) at p. 4]

Therefore, Plaintiff has satisfied the second prong of Rule 20(a)(2).  See DIRECTV, Inc. v. Barrett, 220 F.R.D. 630, 632 (D. Kan. 2004) ("The court also concludes that the claims against the defendants involve at least one common question of law or fact. DIRECTV seeks redress under identical legal theories against each of the defendants in each case. The claims in each complaint and the law under which they are brought are the same. Based on DIRECTV's allegations, the claims in each case involve at least one common question of law.").

    4.   Similar cases have found that allegations similar to Plaintiff's do not violate Rule 20.

Other courts dealing with cases for copyright infringement against unknown doe defendants have specifically found that joinder of the defendants was proper under Rule 20, especially at the early outset of these types of cases.

Recently, the Maryland District Court (Judge Williams, Jr.) issued a number of opinions and orders finding joinder proper in similar cases.  Third Degree Films, Inc. v. Does 1-118, Civil Action No. 11–cv–03006–AW, 2011 WL 6837774 (D. Md. Dec. 28, 2011); K-Beech, Inc. v. Does 1-22, Civil Action No. 11–cv–01774–AW, 2011 WL 6000768 (D. Md. Nov. 29, 2011); Patrick Collins, Inc. v. Does 1-22, Civil Action No. 11–cv–01772–AW, 2011 WL 5439005 (D. Md. Nov. 8, 2011); Patrick Collins, Inc. v. Does 1-11, Civil Action No. 11–cv–01776–AW, 2011 WL 5439045 (D. Md. Nov. 8, 2011).

Previously, the U.S. District Court for the District of Columbia issued a number of detailed rulings regarding the joinder issue in nearly identical cases.  Judge Howell concluded that "the plaintiffs' allegations against the putative defendants in each case meet the

requirements for permissive joinder." <u>Call of the Wild Movie, LLC v. Does 1-1,062</u>, 770

F.Supp.2d 332, 341 (D.D.C. 2011); <u>see</u> <u>Call of the Wild Movie, LLC v. Smith</u>, 274 F.R.D. 334,

340-344 (D.D.C. 2011) (providing extensive analysis, including distinguishing adverse rulings in

similar torrent cases).

    Judge Kollar-Kotelly came to the same conclusion in denying multiple Doe Defendants'

motions to quash subpoenas or dismiss them from a similar case. <u>West Coast Productions, Inc.</u>

<u>v. John Does 1-5829</u>, 275 F.R.D. 9, 15-16 (D.D.C. 2011). In two similar cases in front of Judge

Collyer, an order to show cause hearing was conducted wherein Judge Collyer ruled that joinder

was proper at this stage of the proceedings and "that, at this juncture, the numerous Doe

Defendants are not severed due to misjoinder…." <u>West Bay One, Inc. v. Does 1-2,000</u>, Case No.

10-481, Doc. No. 25 at p. 1 (D.D.C. July 2, 2010); <u>Achte/Neunte Boll Kino Beteiligungs GMBH</u>

<u>& Co. KG v. Does 1-4,577</u>, Case No. 10-453, Doc. No. 34 at p. 1 (D.D.C. July 2, 2010).

    The operative pleadings in this case and the <u>Achte/Neunte Boll Kino Beteiligungs</u>

<u>GMBH & Co. KG</u>, <u>West Bay One, Inc.</u>, <u>Call of the Wild Movie, LLC</u>, <u>Maverick Entertainment</u>

<u>Group, Inc.</u>, <u>Voltage Pictures, LLC</u>, <u>Donkeyball Movie, LLC</u>, and <u>West Coast Productions, Inc.</u>

cases contain nearly identical allegations, except for the named plaintiff and films, as every

operative pleading was drafted by the same firm representing all of the plaintiffs.[1]

    Additionally, numerous other courts in similar cases have declined to find misjoinder.

Such other cases include, without limitation, <u>Arista Records, LLC v. Does 1-27</u>, 584 F. Supp. 2d

---

[1]  The decisions in these recent cases in the U.S. District Court for the District of Columbia were
made after extensive briefing and oral arguments, including the participation of numerous
amicus organizations that submitted briefs and presented argument on behalf of the doe
defendants.  In fact, this Doe Defendant's memorandum has been copied nearly verbatim from
amicus briefs in the recent cases in the U.S. District Court for the District of Columbia.
Compare Doc. No. 15 at pp. 5-8 with <u>Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v.</u>
<u>Does 1-2,094</u>, Case No. 10-453, Doc. No. 23 at pp. 21-24 (D.D.C. June 2, 2010).

240 (D. Me. 2008), <u>Arista Records LLC v. Does 1-16</u>, Civ. No. 1:08-CV-765 (GTS/RFT), 2009

WL 414060 (N.D.N.Y. Feb. 18, 2009), <u>Sony Music Entm't Inc. v. Does 1-40</u>, 326 F. Supp. 2d

556 (S.D.N.Y. 2004), and the DIRECTV, Inc. cases cited herein, all of which held that joinder

was proper.  In fact, in many of the similar music download cases, the plaintiffs submitted a list

of over three hundred court orders that have apparently approved joinder in similar cases.  <u>See</u>,

<u>e.g.</u>, <u>Arista Records, LLC v. Does 1-27</u>, 584 F. Supp. 2d at 251.[2]  Overall, vast prior rulings

comport with Plaintiff's position.

> 5.  <u>Similar cases that have found misjoinder are significantly distinguishable and</u>
>     <u>flawed.</u>

The Doe Defendants point to a handful of rulings in other courts that have found joinder

improper in similar cases.  In those cases the rulings failed to consider the "logical relation"

analysis or even the two distinct prongs under Fed. R. Civ. P. Rule 20.  Rather, those rulings

provide conclusory analysis based on concerns that the alleged infringements occurred on

different days, at different times.

On the other hand, Judge Howell provided a much more extensive analysis of the joinder

issue and concluded that joinder was proper in cases such as this one, where the allegations

"sufficiently establishe[] a *prima facie* case of infringement of plaintiff's copyright by users of

the same file-sharing software program that operates through simultaneous and sequential

computer connections and data transfers among the users."  <u>Call of the Wild Movie, LLC v.</u>

<u>Smith</u>, 274 F.R.D. at 340.  Therein, Judge Howell distinguished a number of contrary rulings that

had found joinder improper in both torrent and earlier peer-to-peer cases.  <u>See id.</u> at 341-342

---

[2]  Plaintiff acknowledges that the use of this list has been criticized by at least two courts.  <u>See</u>
<u>Arista Records, LLC v. Does 1-11</u>, No. 1:07-CV-2828, 2008 WL 4823160, at *6 fn. 7 (N.D.
Ohio Nov. 3, 2008); <u>Fonovisa, Inc. v. Does 1-9</u>, Civil Action No. 07-1515, 2008 WL 919701, at
*5 fn. 10 (W.D. Pa. Apr. 3, 2008).

(acknowledging but distinguishing IO Grp., Inc. v. Does 1–19, No. 10–03851, 2010 WL

5071605 (N.D. Cal. Dec. 7, 2010); Lightspeed v. Does 1–1000, No. 10–cv–5604, 2011 U.S. Dist.

LEXIS 35392 (N.D. Ill. Mar. 31, 2011); Millennium TGA Inc. v. Does 1–800, No. 10–cv–5603,

2011 U.S. Dist. LEXIS 35406 (N.D. Ill. Mar. 31, 2011); Arista Records, LLC v. Does 1–11, No.

07–cv–2828, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008); LaFace Records, LLC v. Does 1–38,

No. 5:07–cv–298, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008); Interscope Records v. Does 1–25,

No. 6:04–cv–197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)).[3]

Overall, the rulings relied upon by the Doe Defendants demonstrate a lack of full

understanding of the torrent platforms.  Additionally, prior court orders finding misjoinder in

cases with previous technology are not persuasive, as the technology has significantly altered the

way the Doe Defendants are infringing Plaintiff's movie.[4]

---

[3]  Recently, Judge Alison J. Nathan in the U.S. District Court for the Southern District of New
York acknowledged decisions on both sides of the joinder issue in a similar case and concluded
"it is difficult to see how the sharing and downloading activity alleged in the Complaint – a
series of individual connecting directly with each other or as part of a chain or 'swarm' of
connectivity designed to illegally copy and share the exact same copyright file – could *not*
constitute a 'series of transactions or occurrences' for purposes of Rule 20(a)."  Digital Sin, Inc.
v. John Does 1 – 176, Case 1:12-cv-00126, at pp. 9-10 (S.D.N.Y. Jan. 30, 2012) (emphasis in
original).

[4]  Plaintiff notes that in one similar case, the Northern District Court of Ohio stated that "it
appears that the majority of district courts who have addressed the issue of joinder and were
faced with the same allegations to connect doe defendants in other music downloading lawsuits
have concluded that those allegations were insufficient to satisfy the transactional requirement of
Fed.R.Civ.P. 20(a)(2) and that joinder was therefore improper."  Arista Records LLC v. Does 1-
11, No. 1:07-CV-2828, 2008 WL 4823160, *6 (N.D. Ohio Nov. 3, 2008).  However, it is
interesting to note that the court then cites to the magistrate judge's recommendation in the
Arista Records LLC v. Does 1-27 District Court of Maine case [No. 07-162-B-W, 2008 WL
222283, at *6 n.5 (D. Me. Jan. 25, 2008)], even though District Court Judge John A. Woodcock,
Jr.'s opinion declining to adopt that recommendation was issued the week prior (October 29,
2008).  See generally Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008).

6. <u>Joinder will not prejudice the Doe Defendants or result in needless delay.</u>

The final consideration for joinder is whether joinder would prejudice the parties or result in needless delay. At this stage of the case, joinder will not prejudice the Doe Defendant and will not result in needless delay.[5] In fact, joinder in a single case of Doe Defendants who allegedly infringed the same copyrighted movie promotes judicial efficiency and is beneficial to the Doe Defendants. See <u>London–Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d at 161 ("Consolidating the cases ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised.").

Further, as stated in <u>DIRECTV, Inc. v. Barrett</u>, "[a]t this stage of the litigation, the court cannot conclude that any prejudice to the defendants will outweigh the judicial economy of joinder of claims. To the contrary, the defendants may ultimately benefit from leaving the claims joined; the fewer cases DIRECTV is managing, the better DIRECTV can control its costs--costs which potentially could be borne by the defendants." 220 F.R.D. at 632.

On the other hand, if the Court were to consider severance at this juncture, Plaintiff would face significant obstacles in its efforts to protect its copyrights from illegal file-sharers, which would needlessly delay its case. Plaintiff would be forced to file over 1,000 separate lawsuits, in which it would then move to issue separate subpoenas to ISPs for each Doe Defendant's identifying information. This would certainly not be in the "interests of convenience and judicial economy," or "secure a just, speedy, and inexpensive determination of the action." <u>Lane v. Tschetter</u>, No. 05–1414, 2007 WL 2007493, *7 (D.D.C. July 10, 2007) (declining to sever defendants where "parties joined for the time being promotes more efficient case

---

[5] Again, because the Doe Defendants are currently identified only by their IP addresses and are not named parties, they are not required to respond to the Complaint or assert a defense and, consequently, can show no harm at this time.

management and discovery" and no party prejudiced by joinder); <u>Call of the Wild Movie, LLC v. Does 1-1,062</u>, 770 F.Supp.2d at 345 ("The putative defendants are not prejudiced but likely benefited by joinder, and severance would debilitate the plaintiffs' efforts to protect their copyrighted materials and seek redress from the putative defendants who have allegedly engaged in infringing activity.").[6]

B.   QUASHING THE SUBPOENA OR DISMISSING A PARTICULAR DOE
     DEFENDANT BASED ON PERSONAL JURISDICTION OR VENUE GROUNDS
     WOULD BE PREMATURE.

Certain Doe Defendants claim that the Court does not have personal jurisdiction over them.  However, the Doe Defendants do not explain the relevance of the personal jurisdiction argument.  As an initial matter, the Doe Defendants have not provided any legal authority allowing them to file a motion to dismiss for lack of personal jurisdiction when the Doe Defendants have not been individually named and served or that such an analysis is relevant to a motion to quash.  As more fully laid out in Plaintiff's objections to recent Reports and Recommendations on other Doe Defendant motions (<u>see, e.g.</u> Doc. No. 148), the Doe Defendants have no standing to challenge the subpoenas except for claims of privilege or privacy.  <u>See</u> <u>Nathai v. Florida Detroit Diesel-Allison, Inc.</u>, 2009 WL 2424570, *1 (M.D. Fla. Aug. 5, 2009) (citations omitted); <u>see</u> <u>Angiolillo v. Collier County</u>, 2009 WL 3762857, *1 (M.D. Fla. June 18, 2009) (Chappell, M.J.) ("It is the person to whom a subpoena is directed who has standing to seek a motion to quash."); <u>NetJets Aviation, Inc. v. Peter Sleiman Development</u>

---

[6]  Plaintiff cannot imagine that the Court would truly wants Plaintiff to file separate cases for each Doe Defendant related to Plaintiff's one work.  As stated in <u>Arista Records, LLC v. Does 1-27</u>, that would result in an "alternative that does not exactly resonate with practicality."  584 F. Supp. 2d at 251.

Group, LLC, 2011 WL 6752488, *1 (M.D. Fla. Dec. 22, 2011) ("While the Eleventh Circuit allows parties standing to challenge subpoenas issued to non-parties, it is only if the party alleges a 'personal right or privilege' with respect to the subpoenas.'") (citations omitted).

In Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426 (M.D. Fla. 2005), the Court held that the defendants lacked standing to quash a subpoena to a non-party because the defendants failed to make any factual showing that the records were confidential or proprietary:

> The financial records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore, Defendants fail to establish a "personal right" regarding the records. *See Clayton Brokerage Co., Inc. v. Clement*, 87 F.R.D. 569, 571 (D.Md.1980) (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked standing to challenge the subpoena issued to the bank). Therefore, Defendants do not have standing under Rule 45 to quash the subpoenas regarding financial records.

Id. at 429.

Here, the subpoenas at issue were not directed to the Doe Defendants.  They were directed to the ISPs for the ISPs' business records.  While the Doe Defendants generally challenge the subpoena on claims of privacy, the Doe Defendants have not made any factual showing that the records are confidential or proprietary.[7]  Therefore, the Doe Defendants have failed to establish a "personal right" regarding the records and do not have standing to quash the subpoenas.

In a similar case, Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 567-568, that

---

[7] The burden of proof in demonstrating that compliance with the subpoena requires the disclosure of privileged or protected information lies with the moving party, i.e. the Doe Defendant.  Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).

court rejected a similar argument to quash a subpoena based on personal jurisdiction, holding

that such a determination was premature.[8]  The court stated that it had discretion to allow

discovery to determine the basis for personal jurisdiction and that without the identifying

information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess

properly the existence of personal jurisdiction over the Doe defendants." Id. at 567.  The court

stated that such an analysis would require more of "an evaluation of the contacts between the

various defendants and the forum state" and concluded by "holding at this stage that personal

jurisdiction is lacking would be premature." Id.; see London-Sire Records, Inc. v. Doe 1, 542

F.Supp.2d at 180-181 (stating that affidavit of doe defendant claiming she was not a resident of

the forum state was an insufficient basis to disallow discovery); see also Arista Records LLC v.

Does 1-16, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying argument that court

lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying

information, an assessment of personal jurisdiction would be idle speculation").

Similarly, Judges Howell and Kollar-Kotelly in the U.S. District Court for the District of

Columbia have recently made similar rulings in cases nearly identical to this one.  Judge Howell

concluded:

> To be clear, at this stage in the proceedings, the plaintiff is engaged in
> discovery to identify the proper defendants to be named in this lawsuit, including
> whether the exercise of jurisdiction over each potential defendant is proper. If and
> when the putative defendants are ultimately named in this lawsuit, the defendants
> will have the opportunity to file appropriate motions challenging the Court's
> jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses
> and consider dismissal. Until that time, however, dismissal under Rule 12(b)(2) is
> inappropriate.

---

[8]  Though the court's decision primarily responded to arguments advanced by amicus
organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe
joined the arguments in the amici's filing, including an objection to the subpoena based on lack
of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction.
Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 567, fn. 8.

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. at 345; see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 345-347 ("Given that the defendants have yet to be identified, the Court believes that evaluating the defendants' jurisdictional defenses at this procedural juncture is premature.").[9]

Judge Kollar-Kotelly concluded:

> Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties. Therefore, it is premature to evaluate their jurisdictional defenses. Furthermore, even assuming that the movants will ultimately be named as defendants, they will have the opportunity to assert their jurisdictional defenses once they are served with process, either in their answers or in pre-answer motions to dismiss. Until that time, the Court finds their arguments to be premature.

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. at 14-15.

Here, the Doe Defendants' arguments related to personal jurisdiction are premature and generally inadequate.  Dismissing a particular Doe Defendant or quashing the subpoena, or even attempting analysis, based on personal jurisdiction would be premature.  Plaintiff has not yet received any of the identifying information sought from the ISPs for these Doe Defendants.  Until Plaintiff receives the information and names and serves a particular Defendant, the Court should not analyze personal jurisdiction over the Doe Defendants.

---

[9]  Judge Howell issued one Memorandum Opinion for three separate cases: Call of the Wild Movie, LLC v. Does 1-1,062, Case No. 10-455; Maverick Entertainment Group, Inc. v. Does 1-4,350, Case No. 10-569; Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520.  Judges Howell's and Kollar-Kotelly's analysis applied to similar doe defendants' motions to dismiss *and* motions to quash subpoenas based on lack of personal jurisdiction.

C.  THE DOE DEFENDANTS HAVE NOT, AND CANNOT, DEMONSTRATE THAT
THE INFORMATION SOUGHT IS PRIVILEGED.

The only standing the Doe Defendants should have to challenge the subpoenas is a claim of privilege or privacy.  However, such an argument has no basis in law or in fact for this case.

As further detailed in Plaintiff's motion for discovery [Doc No. 9], a person using the Internet to distribute or download copyrighted films or music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 348-354; see also Arista Records LLC v. Does 1-19, 551 F.Supp.2d at 8-9 (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d at 556 ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); U.S. v. Kennedy, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (stating that defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

While some courts have held that the anonymous downloading and distribution of copyrighted works over the Internet constitutes protected First Amendment speech, the protection afforded such speech is limited and gives way in the face of a *prima facie* showing of copyright infringement.  "Defendants' First Amendment right to remain anonymous must give

15

way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."  Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d at 567; see Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 353-354 ("Upon balancing the putative defendants' First Amendment rights to anonymity and the plaintiffs' need for the identifying information, the Court finds that the plaintiffs' need overrides the putative defendants' right to use BitTorrent anonymously. The putative defendants' asserted First Amendment right to anonymity in this context does not shield them from allegations of copyright infringement. The plaintiffs therefore may obtain from ISPs information identifying the putative defendants.").

Here, Plaintiff has made a *prima facie* case of copyright infringement in this case, and Plaintiff's need for disclosure outweighs the First Amendment privacy interests here.  For the Plaintiff to establish a *prima facie* claim of copyright infringement, it must demonstrate: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

First, Plaintiff alleges that it is the "holder of the pertinent exclusive rights infringed by Defendants" and cites to the copyright certificate issued by the Registrar of Copyrights. [Doc. No. 1 (Complaint) at ¶ 10]  Plaintiff further asserts that the Doe Defendants violated the Plaintiff's exclusive rights of reproduction and distribution when they, "without the permission or consent of Plaintiff, has used, or continues to use, an online media distribution system to reproduce and distribute to the public the Copyrighted Motion Picture."  Id. at ¶ 12.  Plaintiff supports these allegations by supplying the date and time that the alleged infringement occurred, along with affidavits from Benjamin Perino and Patrick Achache describing the process by

which the Doe Defendants' infringement was observed, recorded, and verified.  [See Doc. Nos. 9-1, 9-2]  Accordingly, Plaintiff has appropriately pled a *prima facie* claim of copyright infringement against the Doe Defendants.  Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d at 565; see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 351-352.

Second, Plaintiff's discovery requests are narrowly tailored to obtain the information Plaintiff needs to prosecute the lawsuit.  Plaintiff is only seeking limited information sufficient to identify the Doe Defendants, i.e. the Doe Defendants' name, current and permanent address, telephone number, e-mail address, and Media Access Control address, and Plaintiff will only use that information in this lawsuit.  Third, Plaintiff has no other means to obtain the Doe Defendants' identifying information other than compelling the information from ISPs.  Fourth, without this information from the ISPs, Plaintiff cannot name and serve those whom they allege to have infringed upon the copyright.  The Doe Defendants' identifying information is therefore critical to the Plaintiff's case.

Lastly, the Doe Defendants have minimal First Amendment protection, and their expectation of privacy is similarly minimal in this context.  Such an expectation of privacy is further eradicated by the fact that the Doe Defendants have already shared this information with their ISPs.  In fact, most ISPs provide notice to their subscribers that they may share this information, further eradicating any expectation of privacy.  Overall, the Doe Defendants' exceedingly small First Amendment and privacy interests are greatly outweighed by Plaintiff's need for the information to prosecute its case and protects it copyrights.

D.  THE DOE DEFENDANTS' DEFENSES ARE NOT RELEVANT.

Many of the Doe Defendants argue that the subpoenas should be quashed because the Doe Defendant did not engage in the alleged activity or so that the Doe Defendant can assert defenses.  However, the merits of a case are not at issue on a motion to quash a subpoena.

As stated by Judge Howell in the U.S. District Court for the District of Columbia in denying several similar motions:

> Mr. Lown's general denial that he engaged in copyright infringement is not a basis for quashing the plaintiff's subpoena. It may be true that Mr. Lown did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of this assertion, decide not to name Mr. Lown as a party in this lawsuit. On the other hand, the plaintiff may decide to name Mr. Lown as a defendant in order to have the opportunity to contest the merits and veracity of Mr. Lown's defense in this case. In other words, if Mr. Lown is named as a defendant in this case, Mr. Lown may deny allegations that he used BitTorrent to illegally copy and distribute the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against him. A general denial of liability, however, is not a basis for quashing the plaintiff's subpoena and preventing the plaintiff from obtaining Mr. Lown's identifying information. That would deny the plaintiff access to the information critical to bringing Mr. Lown properly into the lawsuit to address the merits of both the plaintiff's claim and Mr. Lown's defense. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co., Kg. v. Does 1–4,577*, 736 F.Supp.2d 212, 215 (D.D.C.2010) (denying motions to quash filed by putative defendants in BitTorrent file-sharing case and stating that putative defendants' "denial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue [before the putative defendants are named parties].");  *see also Fonovisa, Inc. v. Does 1–9*, No. 07–1515, 2008 WL 919701, at *8 (W.D.Pa. Apr. 3, 2008) (if a putative defendant "believes that it has been improperly identified by the ISP, [the putative defendant] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 337-338 (D.D.C. 2011); see also West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9, 13 (D.D.C. 2011) (Collyer, J.) ("A substantial number of the movants claim that they have no knowledge of the alleged infringing activity, or that someone else downloaded and/or distributed Plaintiff's copyrighted film using

their IP address, possibly through an unsecured wireless network connection. However, objections such as these are essentially irrelevant and premature because they go to the merits of Plaintiff's claims and do not address the propriety *vel non* of the subpoenas. The Court has authorized Plaintiff to serve subpoenas on ISPs for the purpose of identifying the individuals associated with the IP addresses that were allegedly used to infringe Plaintiff's copyright. Whether these individuals are actually liable is a contested issue of fact that remains to be litigated, and movants' protestations of innocence do not give the Court a proper basis to quash or modify the subpoenas seeking their contact information.").

As most of the Doe Defendants' motions amount to nothing more than defenses to the allegations of copyright infringement, there is no basis to quash the subpoenas. Therefore, the Doe Defendants' motions should be denied in their entirety.

DATED:  April 30, 2012

Respectfully submitted,
NU IMAGE, INC.

By:        /s/ Jeffrey Weaver
Jeffrey W. Weaver
Florida Bar No. 178780
DUNLAP, GRUBB & WEAVER, PLLC
780 5th Avenue South, Ste 200
Naples, FL 34102
Telephone: 239-349-2566
Facsimile: 703-777-3656
jweaver@dglegal.com
*Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 30, 2012, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DOE DEFENDANT MOTIONS TO QUASH SUBPOENAS, DISMISS, AND/OR SEVER [DOC. NOS. 175, 176, 178, 181, 189, 190, 191, 192, 194, 195, 202] was filed using the Court's ECF, which will electronically deliver the document to the following:

Danny Simon, Kubs Lalchandani
danny@lslawpl.com, kubs@lslawpl.com
*Attorney for Doe Defendant #1124 [Doc. No. 175]*

Daniel F. Tamaroff
dan@tamarofflaw.com
*Attorney for Doe Defendant #1080, 1145, 1054 [Doc. Nos. 189, 194, 195]*

Simeon D. Brier
sbrier@edwardswildman.com
*Attorney for Doe Defendant #743, 710, 1075, 1041, 1147 [Doc. Nos. 181,190, 191, 192, 202 ]*


   I hereby certify that on April 30, 2012, I served the foregoing PLAINTIFF'S OPPOSITION TO DOE DEFENDANT MOTIONS TO QUASH SUBPOENAS, DISMISS, AND/OR SEVER [DOC. NOS. 175, 176, 178, 181, 189, 190, 191, 192, 194, 195, 202]  via U.S. mail to the following:

Ian Pond
70 S Winooski Ave., #148
Burlington, VT 05401
*Doe Defendant [Doc. Nos. 176 and 178]*


          /s/ Nick Kurtz
          Nicholas A. Kurtz