UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

                Plaintiff,

-vs-                                                Case No. 2:11-cv-545-FtM-29SPC

DOES 1-3, 932,

                Defendant.
_____

## ORDER

This matter comes before the Court on Defendant John Doe #995's Motion to Quash Subpoena (Doc. #160) filed on April 12, 2012. Plaintiff filed its Opposition (Doc. #179) on April 19, 2012. The Motion is now ripe for review.

On September 26, 2011, Plaintiff Nu Image, Inc., a California corporation with its principal place of business in California, filed the instant copyright infringement action (Doc. # 1) alleging that each John Doe Defendant is liable for direct copyright infringement in violation of 17 U.S.C. § § 106 and 501 and contributory copyright infringement. Plaintiff alleges that the Doe Defendants unlawfully copied and distributed Plaintiff's motion picture, *The Mechanic*, over the Internet. Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. # 9) in order to take early discovery. As grounds for taking early discovery, Plaintiff alleged that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requested that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain

-1-

identifying information for the John Doe Defendants such as their addresses so that Plaintiff may complete service of process on them. Plaintiff asserted that the first step in this case was learning the identity of the subscribers whose IP addresses were used to commit an infringement.

On November 30, 2011, this Court granted Plaintiff's request to take early discovery (Doc. # 10) and allowed Plaintiff to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to that Motion. Apparently these subpoenas were served on the Internet Service Providers, which in turn gave notice to their "customers"—i.e., the John Doe Defendants—that the ISP had received the subpoena. Certain John Doe Defendants have filed motions to quash the subpoenas and/or motions to dismiss them from the action. John Doe #995, one of the Doe defendants, filed the instant motion to quash the subpoena on the grounds that is improper.

*John Doe #995's Motion to Quash*

In this case, as was previously explained in this Court's November 30, 2011, Order allowing the subpoenas to be issued in this matter, Plaintiff made a good cause showing to this Court for early discovery in this Internet infringement case. A Court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. Patrick Collins Inc. v. Does 1-1219, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards).

John Doe #995 moves to quash the subpoena because the subpoena is improper and was issued only for harassment purposes. In this case, as was previously explained in this Court's November 30, 2011, Order allowing the subpoenas to be issued in this matter, Plaintiff made a good cause showing to this Court for early discovery in this Internet infringement case. A Court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. <u>Patrick Collins Inc. v. Does 1-1219</u>, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards).

"A plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." <u>Penalbert-Rosa v. Fortuno-Burset</u>, 631 F.3d 592 (1st Cir. 2011). "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." <u>UMG Recording, Inc. v. Doe</u>, 2008 WL 4104214, *4 (N.D. Cal. 2008). In addition, some courts also analyze a defendant's First Amendment right to privacy in determining whether to allow the discovery. In these cases, courts require Plaintiff to (4) specify the discovery requested, (5) demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested

discovery. Sony Music Entertainment v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

In this case, the Court found that Plaintiff had satisfied the above-listed factors. First, Plaintiff has made a concrete showing of a prima facie claim of copyright infringement. The Plaintiff asserts that it holds the copyright on the motion picture *The Mechanic* in its Complaint. (Doc. # 1, ¶ 7). Further the signed declarations of Benjamin Perino, manager of Guardaley, and Patrick Achache, an employee at Guardaley, state the Plaintiff's research has indicated that the movie has been infringed upon and was able to isolate the transactions and the IP addresses being used on the peer-to-peer network to reproduce, distribute, display, or perform Plaintiff's copyrighted work. (Doc. # 9, Ex. A & B Declarations of Benjamin Perino and Patrick Achache).[1] "Moreover, the use of P2P systems to download and distribute copyrighted music has been held to constitute copyright infringement." Sony Music, 326 F. Supp. 2d at 565-66. Second, Plaintiff has established that it lacks any other means of obtaining the subpoenaed information. Plaintiff only has the IP addresses and cannot locate any further information. Rather, once the IP addresses, plus the date and time of the detected and documented infringing activity are provided to the ISP, the ISPs can access the identifying information of the subscriber. It appears that Plaintiff has taken all of the steps it can to identify the John Doe Defendants. Third, Plaintiff through the Declaration of Benjamin Perino informs the Court that "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." (Doc. #9, Ex. A ¶ 12). Thus, there is a chance that the ISPs will destroy the logs needed by Plaintiff. Fourth, Plaintiff has sufficiently described the John Doe Defendants by listing the IP address assigned to them on the day Plaintiff alleges the Defendant

---

[1] Plaintiff hired Guardaley, Ltd., a company that provides, among other things, anti-piracy and forensic investigation services to the motion picture industry to protect copyrighted material. (Doc. #9, Ex. A 5-6).

engaged in the infringing conduct in a chart attached to the Complaint. (Doc. # 1, Ex. A). Fifth, Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement. Sixth, and finally, Plaintiff's interest in knowing Defendants' true identities outweighs Defendants' interests in remaining anonymous. Plaintiff has a strong legitimate interest in protecting its copyrights and it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs. "[A] number of other jurisdictions who have deemed that a file sharer's First Amendment right to anonymity is "exceedingly small." <u>Call of the Wild Movie, LLC v. Does 1-1062 et al</u>, 770 F. Supp. 2d 332, 347-48 (D.D.C. 2011). Plaintiff is entitled to the information requested in the subpoena from ISPs so that it may effect proper service of process on the Defendant after his true identity is known. Therefore, the Court finds that the instant motion to quash be denied as the subpoena issued in this case was proper.

The Court is mindful that any rulings from this Court cannot be sent to John Doe #995's attention because his home address is unknown and the basis of his objection to the subpoena is that he should not be required to provide it. But by John Doe not providing an address to the Court, he does so to his own detriment as the Defendant will not have the opportunity to object to the Court's rulings. The Court cannot defend the case on John Doe's behalf, though, as it is Defendant's responsibility to provide the Court with a mailing address if he wishes to stay apprised of filings in this matter. The Court cannot inform litigants about case matters if a party refuses to provide an address.

Accordingly, it is now

**ORDERED:**

John Doe #995's Motion to Quash Subpoena (Doc. #160) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th    day of May, 2012.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record