UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

              Plaintiff,

vs.                    Case No.  2:11-cv-545-FtM-29SPC

DOES 1-3,932,

              Defendant.

_____

**<u>OPINION AND ORDER</u>**

Plaintiff Nu Image, Inc. (plaintiff or Nu Image) brings one count of copyright infringement against 3,932 defendants whose names and other identifying information are unknown, except for Internet Protocol (IP) addresses.  None of the defendants have been served with process, but the Court found good cause to allow *ex parte* early discovery aimed at identifying the persons or entities corresponding to the IP addresses (Doc. #10).  Pursuant to this Order, plaintiff has served third party subpoenas to obtain such information from Internet Service Providers (ISPs), and the third parties notified their subscribers of the subpoenas and the information sought.  Various subscribers have filed various motions objecting to the subpoenas and/or the complaint.

The matter comes now before the Court on:  John Doe 710's Renewed Motion to Quash or, in the Alternative, Motion to Dismiss

and/or Sever (Doc. #190); John Doe 1,075's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. #191); John Doe 1,041's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. #192); John Doe 1,145's Omnibus Motion to Dismiss, Sever, and/or Quash the Subpoena (Doc. #194); John Doe 1,054's Omnibus Motion to Dismiss, Sever, and/or Quash the Subpoena (Doc. #195); and John Doe 1,147's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. #202). Plaintiff filed an Opposition (Doc. #204).

Without identifying himself/herself/itself/themselves, the John Does seek to quash the third party subpoenas and dismiss the Complaint for lack of personal jurisdiction. The Magistrate Judge issued Reports and Recommendations (Docs. ## 224, 225, 226, 227, 228, 229, 230[1]) recommending that the motions to quash be granted for lack of personal jurisdiction, but that the motions to dismiss be denied as premature. John Does filed Objections (Docs. ## 236, 238) and Limited Objections (Docs. ## 239-242), and Plaintiff filed Objections To Reports and Recommendations (Doc. #245).

## I.

Plaintiff expresses some concerns with the standard of review to be utilized, recognizing that a *de novo* standard is used when

---

[1]This appears to be a duplicate of the previous Report and Recommendation (Doc. #224) issued as to John Doe 710's Renewed Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. #190). Therefore, the previous one will be deemed moot.

objections are made to a dispositive motion and that a clearly erroneous or contrary to law standard is used when objections are made to a non-dispositive motion. (Doc. #245, pp. 3-4.) Plaintiff asserts that in the fairly unique context of this case, the motion to quash is dispositive. (Id. at n.1.) The court need not decide this issue, since under either standard of review the Court agrees with the disposition of the motion in the Report and Recommendation.

## II.

Plaintiff's major objection to the Report and Recommendation is that the Court's personal jurisdiction over a particular Doe defendant is not relevant to a motion to quash a subpoena when the defendant has not yet been served with process, and is premature as to the Complaint.  Plaintiff asserts that "[a] plaintiff is not required to plead the basis of personal jurisdiction over any defendant in the complaint, . . .", doc. #245, p. 7, and that defendant does not have standing to challenge the third party subpoenas, id. at 4-7.   The Court concludes that plaintiff undervalues the role of personal jurisdiction and misstates its pleading obligation.

A court's personal jurisdiction over a defendant is not a meaningless gesture.  "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." Ins. Corp. of Ireland, Ltd. v. Compagnie

des Bauxites de Guinee, 456 U.S. 694, 701 (1982)(citing cases). The requirement of personal jurisdiction flows from the Due Process Clause, and "recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. Thus, the test for personal jurisdiction requires that the maintenance of the suit not offend traditional notions of fair play and substantial justice." Id. at 702-03 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(internal quotations marks and elipses omitted). "A court without personal jurisdiction is powerless to take further action." Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). For this reason, "[a]s a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's case." Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 940 (11th Cir. 1997)(citations omitted).

In a federal question case arising under a federal statute silent as to service of process, such as in this case, the Court is required determine personal jurisdiction using the forum state's long-arm statute and then determine whether personal jurisdiction over a non-resident defendant satisfies the Due Process Clause. Snow v. DirecTV, Inc., 450 F.3d 1314, 1317 (11th Cir. 2006). This two-part inquiry first determines whether the applicable state statute governing personal jurisdiction is satisfied, and then

determines whether defendant has established sufficient minimum contacts with the forum state so as not to offend traditional notions of fair play and substantial justice.  <u>Future Tech. Today, Inc. v. OSF Healthcare Sys.</u>, 218 F.3d 1247, 1249 (11th Cir. 2000); <u>Fraser v. Smith</u>, 594 F.3d 842, 846 (11th Cir. 2010).  Contrary to plaintiff's argument, its Complaint does need to sufficiently allege personal jurisdiction, although the facts alleged need only make out a prima facie case of personal jurisdiction.  <u>Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.</u>, 552 F.3d 1324, 1328-29 (11th Cir. 2008); <u>Posner</u>, 178 F.3d at 1214.  Vague and conclusory allegations in a complaint are insufficient.  <u>Snow</u>, 450 F.3d at 1318.

The Complaint alleges a single count of copyright infringement, and premises subject matter jurisdiction on federal question jurisdiction pursuant to the copyright laws of the United States.  (Doc. #1, ¶¶ 1-2.)  The Complaint continues that upon "information and belief", each of the 3,932 defendants may be found in the Middle District of Florida "and/or a substantial part of the acts of infringement" occurred in this District.  (<u>Id.</u>, ¶ 5.)  Upon further "information and belief", plaintiff alleges that personal jurisdiction in this District is proper because each defendant "distributed and offered to distribute over the Internet copyrighted works" "in every jurisdiction in the United States, including this one."  (<u>Id.</u>)

The Court finds that these allegations in the Complaint are insufficient to allege personal jurisdiction over any defendant under the Florida long-arm statute and the Due Process Clause. The allegations do not state that any defendant purposefully directed his or her activities at Florida or in Florida, or that he/she/they knew the activities would cause harm in the State of Florida, or that he/she/they are actually located in the State of Florida.

The copyrighted material was allegedly distributed and offered for distributed all over, but no specific ties to the State of Florida are set forth such that defendant would reasonably foresee being hauled into its jurisdiction. The vague and conclusory allegations related to the internet are insufficient to satisfy a prima facie case for personal jurisdiction. E.g., Internet Solutions Corp. v. Marshall, 611 F.3d 1368 (11th Cir. 2010); Bond v. Ivy Tech State College, 167 F. App'x 103, 106 (11th Cir. 2006). The participation in a BitTorrent swarm does not provide the necessary minimum contact with the State of Florida. See, e.g., Liberty Media Holding, LLC v. Tabora, No. 11-cv-651-IEG (JMA), 2012 WL 28788 (S.D. Cal. Jan. 4, 2012).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Reports and Recommendations (Doc. #224) is **terminated as moot.**

2.   The Reports and Recommendations (Docs. ## 225, 226, 227, 228, 229, 230) are **adopted** and the objections are overruled.

3.   John Doe 710's Renewed Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. #190) is **GRANTED** as to the motion to quash and the other portions of the motion are **DENIED** as premature.

4.   John Doe 1,075's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. #191) is **GRANTED** as to the motion to quash and the other portions of the motion are **DENIED** as premature.

5.   John Doe 1,041's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. #192) is **GRANTED** as to the motion to quash and the other portions of the motion are **DENIED** as premature.

6.   John Doe 1,145's Omnibus Motion to Dismiss, Sever, and/or Quash the Subpoena (Doc. #194) is **GRANTED** as to the motion to quash and the other portions of the motion are **DENIED** as premature.

7.   John Doe 1,054's Omnibus Motion to Dismiss, Sever, and/or Quash the Subpoena (Doc. #195) is **GRANTED** as to the motion to quash and the other portions of the motion are **DENIED** as premature.

8.   John Doe 1,147's Motion to Quash or, in the Alternative, Motion to Dismiss and/or Sever (Doc. #202) is **GRANTED** as to the

motion to quash and the other portions of the motion are **DENIED** as premature.

      **DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of May, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record