**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**NU IMAGE, INC.,**

    **Plaintiff,**

**V.**                                                         **Case No:  2:11-CV-545-FtM-29SPC**

**JOHN DOES 1-3,932,**

    **Defendants.**

_____/

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Extension of Time to Name and Serve Defendants (Doc. #251) filed on May 31, 2012.  Plaintiff requests an additional 120 days to name and serve the remaining John Doe Defendants.  As grounds, the Plaintiff states that the server companies need more time to locate and process the names associated with the ISP addresses.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).  Good cause for a failure to serve within the time limit prescribed in Rule 4(m) exists " 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.' In re Trasylol Products Liability Litigation-MDL-,1928 2011 WL 5529934 *4 (S.D. Fla. July 21, 2011) (citing Lepone–Dempsey v. Carroll Cnty. Com'rs, 476 F.3d 1277, 1281–82 (11th Cir.2007) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir.1991)); *see also* Madison v. BP Oil Co., 928 F.Supp. 1132,

1137 (S.D. Ala.1996) (equating "good cause" with "excusable neglect" and citing "sudden illness, natural catastrophe, or evasion of service of process" as circumstances that may constitute good cause).

"Even in the absence of good cause, a district court has the discretion to extend the time for service of process." Lepone–Dempsey, 476 F.3d at 1281; Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132–33 (11th Cir.2005); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir.1996) ("If good cause does not exist the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service.") (emphasis in original). "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service.' " Horenkamp, 402 F.3d at 1132–33. (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

The Court will allow an extension of time. However, the Court will only allow another sixty (60) days. The Court notes that the District Court previously entered orders granting numerous John Doe Defendants motions to quash because the Court found that Plaintiff's Complaint fails to allege personal jurisdiction. (See Doc. #244, pp. 5; "The Court finds that these allegations in the Complaint are insufficient to allege personal jurisdiction over John Doe #1 or any defendant under the Florida long-arm statute and the Due Process Clause.").[1] As the

---

[1] Plaintiff listed numerous Motions filed by John Doe Defendants which Plaintiff alleges have not been decided by the Court – Doc. #s 21, 26, 27, 28, 34, 35, 37, 38, 39, 71, 72, and 72. Pl. Br. pg. 5. The Court notes that all of these Motions have been granted in part and denied in part by the District Court and the Reports and Recommendations have been adopted. See Doc. #244.

only relief requested in the instant Motion is for extension of time to name and serve defendants, it is due to be granted.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Extension of Time to Name and Serve Defendants (Doc. #251) is **GRANTED in part**. Plaintiff shall have up to and including **July 31, 2012,** to name and serve process on the remaining Doe Defendants.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st Day of June, 2012.



SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record