UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

      Plaintiff,

V.                                                         Case No: 2:11-CV-545-FtM-29SPC

JOHN DOES 1-3,932,

      Defendants.
_____/

**ORDER**

      This matter comes before the Court on John Doe #1283's Motion to Quash Subpoena (Doc. #278) filed on July 19, 2012. John Doe #1283 requests that the Court quash a subpoena that has been issued to his Internet Service Provider, Comcast, which requests his personal identifying information.

      The Court notes that the subpoena for records of the John Doe Defendants in this case was issued by Plaintiff to Comcast out of the United States District Court for the Middle District of Florida as indicated in the caption at the top of the Subpoena, commanding the production of documents from Comcast Cable Communications, located at 650 Centerton Road, Morrestown, NJ 08057. (Doc. #207-1).

      Under Federal Rule of Civil Procedure 45, a subpoena must issue as follows:

    (A)    For attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;

    (B)    For attendance at a deposition, from the court for the district where the deposition is to be taken; and

> (C) **For production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made**.

Fed. R. Civ. P. 45(c)(2)(A-C) (emphasis added). In this case, the subpoena commanding production of documents was issued out of the Middle District of Florida even though the documents were subpoenaed from Comcast Custodian of Records in Morrestown, New Jersey. As this Court has previously found in another case similar to this: "[a]lthough the motions to quash were correctly filed out of the Middle District of Florida because the subpoenas were issued out of the Middle District of Florida, see Fed. R. Civ. P. 45(c)(3) ("the issuing court must quash"), the subpoenas for Comcast Cable Communications should have been issued out of the District of New Jersey and more specifically the Division encompassing Morrestown, New Jersey, because that is where the production without appearance was commanded." Nu Image, Inc. v. Does 1-2,515, No. 2:12-cv-109-FtM-29DNF, 2012 WL 3043098, *1 (citing Fed. R. Civ. P. 45(a)(2)(C)). The same analysis applies here and accordingly, the subpoena issued to Comcast out of the Middle District of Florida is considered void and the Motions to Quash subpoenas issued to Comcast are due to be granted. See Hallamore Corp. v. Capco Steel Corp., 259 F.R.D. 76, 80 (D. Del. 2009) ("Courts have typically held that subpoenas issued from the wrong court are void under Rule 45.").

Accordingly, it is now

**ORDERED:**

(1) John Doe #1283's Motion to Quash Subpoena (Doc. #278) is **GRANTED.**

(2) The Clerk of Court is directed to mail a copy of this Order to John Doe #1283, 10396 Rainier Ave. S, Seattle, WA 98178.

**DONE** and **ORDERED** in Fort Myers, Florida this day of August, 2012.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record