**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**NU IMAGE, INC.,**

    **Plaintiff,**

**V.**　　　　　　　　　　　　　　　　　　　　　**Case No: 2:11-CV-545-FtM-29SPC**

**JOHN DOES 1-3,932,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on John Doe #1236's Amended Motion to Quash Subpoenas (Doc. #284) and Declaration in Support (Doc. # 285) and Declaration of Pamela Nisperos (Doc. # 286), all filed on July 30, 2012. The Court previously struck John Doe #1236's Motion to Quash because she failed to provide a return address. (Doc. #270). John Doe #1236 has filed an Amended Motion to Quash Subpoenas which provides a "care of" mailing address for another individual who is not John Doe #1236, Pamela Nisperos, 240 DiSalvo Avenue, Apt. 10, San Jose, CA 95128.

Plaintiff moves to quash the subpoena issued to her internet service provider, Comcast due to this Court's lack of personal jurisdiction. She makes a passing reference that the Court should not only quash the subpoena, but should dismiss the case as well due to lack of personal jurisdiction.

*John Doe #1236's Motion to Dismiss*

The Court notes and recommends at the outset that dismissal at this point is not proper. At this point the John Doe Defendants are not yet parties to this lawsuit because they have not been served with process. Indeed, service may not be made because their true identities are not

yet known. Courts that have previously been presented with this situation have found that because the Doe defendants have not yet been served it is not proper for the Court to consider a motion to dismiss them. Recently, a district court noted:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

West Coast Productions, Inc. v. Does 1–5,829, 275 F.R.D. 9, 14 (D.D.C. 2011). The Court agrees with this line of reasoning and recommends that a motion to dismiss is premature in this action.

*John Doe #1236's Motion to Quash*

Upon review of the Subpoena served on the third-party internet service provider for John Doe #1236, which is attached as "Exhibit A" to John Doe #1236's original Declaration filed with the Court (Doc. #207), the Court notes that the subpoena for records in this case was issued by Plaintiff out of the United States District Court for the Middle District of Florida as indicated in the caption at the top of the Subpoena, commanding the production of documents from Comcast Cable Communications, located at 650 Centerton Road, Morrestown, NJ 08057. (Doc. #207-1).

Under Federal Rule of Civil Procedure 45, a subpoena must issue as follows:

(A)  For attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;

(B)  For attendance at a deposition, from the court for the district where the deposition is to be taken; and

> (C) **For production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made**.

Fed. R. Civ. P. 45(c)(2)(A-C) (emphasis added). In this case, the subpoena commanding production of documents was issued out of the Middle District of Florida even though the documents were subpoenaed from Comcast Custodian of Records in Morrestown, New Jersey. As this Court has previously found in another case similar to this: "[a]lthough the motions to quash were correctly filed out of the Middle District of Florida because the subpoenas were issued out of the Middle District of Florida, see Fed. R. Civ. P. 45(c)(3) ("the issuing court must quash"), the subpoenas for Comcast Cable Communications should have been issued out of the District of New Jersey and more specifically the Division encompassing Morrestown, New Jersey, because that is where the production without appearance was commanded." Nu Image, Inc. v. Does 1-2,515, No. 2:12-cv-109-FtM-29DNF, 2012 WL 3043098, *1 (citing Fed. R. Civ. P. 45(a)(2)(C)). The same analysis applies here and accordingly, the undersigned recommends that the subpoena issued to Comcast out of the Middle District of Florida is considered void and the Motions to Quash subpoenas issued to Comcast are due to be granted. See Hallamore Corp. v. Capco Steel Corp., 259 F.R.D. 76, 80 (D. Del. 2009) ("Courts have typically held that subpoenas issued from the wrong court are void under Rule 45.").

Accordingly, it is now

**RECOMMENDED:**

(1) John Doe #1236's Amended Motion to Quash Subpoenas (Doc. #284) be **GRANTED**.

(2) John Doe #1236's request for dismissal of the suit be **DENIID as premature**.

(3) The Clerk of Court is directed to provide a copy of this Report and Recommendation to John Doe #1236, c/o Pamela Nisperos, 240 DiSalvo Avenue, Apt. 10, San Jose, CA 95128.

**Respectfully Recommended** in Fort Myers, Florida this 9th day of August, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record