UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NU IMAGE, INC.,

     Plaintiff,

v.                                                                                    Case No:  2:11-cv-545-Ftm-29SPC

JOHN DOES 1-3,932,

     Defendants.

_____/

## **ORDER**

     This matter comes before the Court on Plaintiff's Motion for Extension of Time to Name and Serve Defendants (Doc. #292) filed on December 20, 2012.  Plaintiff requests an additional 120 days to name and serve the Doe Defendants.  The Court previously granted Plaintiff an additional 120 days – up to and including November 20, 2012 – to name and serve Defendants because an Amended Complaint had recently been filed.  <u>See</u> Doc. #281.  Therefore, the time to name and serve the Defendants expired on November 20, 2012.  Plaintiff does not indicate in his Motion why he failed to move for an extension of time to name and serve the Defendants prior to the deadline imposed by the Court.

     Under Rule 6(b) the Court may enlarge the time to file a responsive pleading for cause shown. The Rule reads in pertinent part:

[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P 6(b). In this instance, the Plaintiff did not file its request for an extension of time before the deadline to comply with the Court's Order expired. Further, Plaintiff has not demonstrated that it failed to act because of excusable neglect. The Motion does not indicate why Plaintiff was unable to move for an extension of the deadline prior to its expiration on November 20, 2012. While Plaintiff does indicate that additional time is needed to allow the Internet Service Providers to comply with the subpoenas, it appears that Plaintiff knew that they would not be able to comply prior to the November 20, 2012 deadline. In fact, Plaintiff indicates that a reason it has been unable to obtain the identifying information is because numerous Motions in the case have yet to be ruled on. (Doc. #292, p. 5). But the Court notes that there are currently no pending motions before this Court. Thus, based upon review of the Motion, Plaintiff has failed to show excusable neglect while he did not move for an extension of the deadline to name and serve the Defendants prior to the deadline expiring.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion for Extension of Time to Name and Serve Defendants (Doc. #292) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of December, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record